158 So. 196

## TANNER v. STATE.
### 1 Div. 158.

Court of Appeals of Alabama
Dec. 18, 1934.

Gordon, Edington & Leigh, of Mobile, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Due exception was reserved to the following portion of the trial court's oral charge to the jury: "I charge you, gentlemen of the jury, that if Mr. Johnson owned these cattle, or if he was legally in possession of them, *and you believe that this defendant* in this case, from the evidence, *stole those cattle,* then he would be guilty as charged." (Italics ours.)

Waiving any other objection that might be validly made to the quoted excerpt, it is sufficient to say that it was positively erroneous in that it required appellant's conviction upon the mere "belief by the jury" of his guilt.

According to the cases, before a defendant may be convicted of *any* crime, "the state must prove *beyond a reasonable* doubt every material ingredient of the crime charged." Piano v. State, 161 Ala. 88, 49 So. 803. And see cases cited in Alabama & Southern Reporter Digest, Vol. 7, page 268, Criminal Law, ☞327.

The jury might, from the evidence, easily "believe" (as the word is commonly understood) appellant guilty; and yet not "believe it *beyond a reasonable doubt.*" In such case, the law says he must be acquitted. Citations above.

A reading of the entire oral charge, in connection with the written charges given at appellant's request, leaves us unable to say that Supreme Court rule 45 has application here, to save a reversal of the judgment of conviction.

The questions raised, other than the one indicated, ought not to occur on another trial. They will not be considered.

For the error pointed out, the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.