# Piano *v.* The State.

## *Receiving Stolen Property.*

### (Decided May 20, 1909.   49 South. 803.)

1. *Evidence; Other Offense.*—Guilty knowledge being the gist of offense of receiving stolen goods, it is permissible in such a prosecution to adduce evidence, that on other occasions about the same time, the defendant received other articles from the same person knowing that they were stolen, to show guilty knowledge, although the rule ordinarily is that evidence of offense other than that charged is not admissible.

2. *Same.*—It was inadmissible to show that other goods were found in defendant's store in the absence of evidence tending to show that they too were stolen.

3. *Same; Opinion Evidence.*—A statement by a witness that he found other property in the store of defendant which he recognized as stolen property, and that he missed some fireworks from the store of his company were the statements of a fact, as upon the witness' knowledge and not an opinion.

4. *Same; Best Evidence.*—It was not objectionable as being secondary evidence to show that certain other stolen goods found in the store of the defendant had the mark or brand of a certain company upon them.

5. *Same; Hearsay.*—Evidence that the stolen goods which were found in accused's store had the brand of a certain company on them, was not hearsay; but testimony that the goods found there had been identified as stolen property, the identification being by others than the witness, was hearsay and inadmissible.

6. *Same; Offer to Hush Up.*—It was competent for a police officer to testify that the defendant had offered him pay if he would not make trouble for her, and it was the province of the jury to determine whether the offer was made through innocent motives or not.

7. *Trial; Reception of Evidence; Objection; Evidence Admissible in Part.*—Where objection is interposed to evidence as a whole on the ground that it is hearsay, and a part of such evidence is relevant and admissible, the objection is properly overruled, since it should have separated the objectionable from the relevant.

8. *Charge of Court; Argument of Counsel.*—Argument of counsel should be confined to a fair discussion of the relevant facts and inferences to be drawn from the evidence in the case, and where it exceeds the same, it should be excluded.

9. *Same; Reasonable Doubt.*—Every essential element of an offense charged must be proven beyond a reasonable doubt to authorize a conviction, but the jury's belief of guilt beyond a reasonable doubt must be founded upon the evidence.

[Piano v. The State.]

10. *Same; Applicability to Evidence.*—While a charge asserting that the unexplained possession of recently stolen goods does not, as a matter of law, raise a presumption of guilt, states a correct proposition, it was properly refused in this case as misleading, as there was other evidence which, when taken in connection with the defendant's possession of the recently stolen goods, justified an inference of guilt.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. C. HOWZE.

Mrs. Piano was convicted of receiving stolen property and she appeals. Reversed and remanded.

The facts are sufficiently stated in the opinion, as are the exceptions and objections to testimony. The statement of the solicitor objected to is as follows: "The Huston Biscuit Company could have received thousands of dollars if they had dropped these prosecutions."

The following charges were given at the instance of the state: "(1) I charge you, gentlemen of the jury, that if you believe that the defendant bought the goods described in the indictment, under such circumstances that any reasonable person of ordinary observation would have known that they were stolen, and concealed them then you are authorized to find that she knew that they were stolen. (2) I charge you, gentlemen of the jury, that if you believe that the defendant bought the property described in the indictment at an undervalue, that she concealed the goods, and that she bought other goods that were stolen at an undervalue, and out of the ordinary course of business, then you are authorized to infer that she had a knowledge that the goods described in the indictment were stolen at the time she bought them."

The following charge was refused to the defendant: "(1) The court charges the jury that the unexplained possession of personal property recently stolen does not, as a matter of law, raise a presumption of guilt."

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State.

SAYRE, J.—The appellant was indicted for receiving stolen goods, the property of the Birmingham Fireworks Company. Ordinarily evidence of any other offense than that specifically charged is inadmissible in criminal cases. But, guilty knowledge being of the gist of the offense charged against the appellant, evidence that on other occasions about the same time she had received other articles from the same thief, knowing that they were stolen, is relevant to show a scienter in respect to the property laid in the indictment.—*Gassenheimer v. State,* 52 Ala. 313; Whar. Cr. Ev. § 44; Jones, Ev. § 143.

A witness for the prosecution, having testified to finding the goods charged to have been received by the defendant in a store kept by the defendant and her husband, was allowed, over the defendant's objection, to testify that at the same time he found other property in the store which he recognized as stolen property. This was the statement of a fact as upon the knowledge of the witness, and in connection with the evidence subsequently introduced tending to show a receipt of the other goods with knowledge that they, too, had been stolen, was relevant and material to the issue of defendant's guilt under the indictment.

So, too, the witness' statement that "we missed some fireworks from the company's store" must be taken as the statement of a fact within the knowledge of the witness. The witness was then asked if the other stolen goods had the mark or brand of the Huston Biscuit Company upon them. This question was objected to on the ground that it called for secondary evidence. Witnesses have been permitted to give parol evidence of inscriptions on

banners exhibited at public meetings, of a license hang-
ing on a wall of marks on clothing and other articles of
personal property, on the ground that things of the sort
are so evanescent and transient that the incapacity of
the party to produce them may be assumed.—Whar. Cr.
Ev. § 167.

On cross-examination the witness testified that he had
not personal knowledge of the larceny of the goods which
he had found at the store.  Thereupon the defendant, to
quote the bill of exceptions, "moved the court to exclude
from the jury the other stolen property in the store of
defendant that belonged to the Huston Biscuit Com-
pany," on the ground that it was hearsay.  This motion
the court overruled, and the defendant duly excepted.
That part, at least, of the testimony which had reference
to the marks or brands upon the goods, was not hearsay.
The motion was addressed to all that testimony of the
witness which related to the Huston Biscuit Company's
property.  It was incumbent upon the defendant, when
invoking the action of the court by her motion, to sepa-
rate the objectionable from the unobjectionable.  As the
motion was framed, there was no error in overruling it.

A number of exceptions noted in the record relate to
questions and answers which were intended, and legit-
imately tended, to show that the property of the Hus-
ton Biscuit Company, found in the possession of the de-
fendant, had been stolen.  There was evidence in support
of the state's theory that George Reid was in the common
employment of the Birmingham Fireworks Company and
the Huston Biscuit Company as a drayman, and had
guilty agency in the larceny and delivery to the defend-
ant of those goods of the two companies found in the de-
fendant's possession.  It being competent, as we have
seen, for the prosecution to show guilty possession of
goods which had been stolen, other than those laid in
the indictment, it is hardly more than a repetition of idea

[Piano v. The State.]

to say that the same range of circumstantial evidence was open to the state in proving the larceny and receipt of such other goods—within the limitations noted at the outset—as was open in respect to the goods described in the indictment as the subject-matter of the offense charged. This will serve to dispose of most of the exceptions reserved on the admission of the testimony concerning the goods of the Huston Biscuit Company.

The witness Bodeker was permitted to testify that the goods found at the defendant's store had been identified as stolen property. It was made to appear affirmatively that the witness was testifying to the fact of identification by other persons. Clearly this was hearsay, and should have been excluded. It was proper for this witness to testify that the defendant had offered to pay him if he would not make trouble for her. The witness was a police officer, and it was for the jury to say whether the offer should be taken as an effort to cover up a crime or proceeded from innocent motives. There was manifest error in requiring the witness Augusta Piano to answer questions in regard to other goods found in the store, as to which there was no evidence that they had been stolen.

The statement made by the solicitor in his argument to the jury should have been excluded on the defendant's motion. The statement was outside the pale of legitimate argument. "In order that a statement may come within the rule which prescribes the limits of fair discussion, the statement must be made as of fact. The fact stated must not be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury."—*Childress v. State*, 86 Ala. 77, 5 South. 775; *Cross v. State*, 68 Ala. 476. The officers and agents of the Huston Biscuit Company had testified as witnesses for the state, and, indeed, most of the testimony

introduced for the state related to the goods of that company. Under these circumstances, the solicitor's statement to the jury was the statement of an unproven fact, calculated to discredit the defense and to give credit to the prosecution, and should have been excluded.

Charges which we have marked 1 and 2, given at the request of the state, authorized the jury to base a conclusion that the defendant had guilty knowledge that the goods were stolen upon a mere belief; whereas, the law requires belief beyond a reasonable doubt of every essential element of the offense charged, and such belief must be founded upon the evidence. The charge approved in *Collins v. State*, 33 Ala. 434, 73 Am. Dec. 426, was predicated upon a finding of fact, not a mere belief. The charges were error.

Charge 1, requested by the defendant, stated a correct proposition of law, but was calculated to mislead the jury in the case at bar to the conclusion that they might not draw inference touching the guilt of the accused from the unexplained possession of property recently stolen, when taken in connection with th_ evidence. It was the province of the jury to draw inferences from the facts in evidence. The charge was properly refused.—*Adams v. State*, 52 Ala. 379. We will not be understood as asserting that the jury would be authorized to draw an inference of guilt under an indictment charging the receiving, etc., of stolen goods, from the single fact of unexplained possession. That question is not raised by the charge in question. Rapalje's Larceny and Kindred Offenses, § 325, and note.

The general affirmative charge for the defendant was also properly refused.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.