# Coplon v. The State.

### Receiving Stolen Property.

(Decided November 21, 1916.   73 South. 225.)

1. **Receiving Stolen Goods; Evidence.**—Where the prosecution was for receiving stolen goods, and defendant admitted that he was in the habit of having his goods cleaned at his brother's place, the testimony of a witness that he there found other articles of clothing stolen at the same time, which he did not know he had lost, was admissible.

2, **Same; Value of Goods.**—Where the only matter at issue was the value of the suit when stolen from the witness, it was proper to sustain an objection to the question propounded to such witness as to what the suit would be worth, if owned by one person, worn by another, and the witness wanted to buy it.

3. **Appeal and Error; Review; Reservation of Ground.**—Where no objection was shown to have been interposed to the question eliciting the evidence, objections reserved to the action of the trial court in refusing to exclude such evidence are not reviewable.

4. **Receiving Stolen Goods; Evidence.**—Where the prosecution was for receiving stolen clothes, the court properly permitted a witness to testify with regard to the conduct of an employee of defendant in going from defendant's place of business and meeting a person whom the evidence indicated as having entered the house and stolen the suit, although no testimony was introduced showing a conspiracy between such person and the employee of defendant to commit the larceny, or that defendant employee was in any way connected with it.

5. **Burglary; Offense.**—A defendant cannot be convicted of the burglary of a dwelling house unless it be shown that he broke into the house, or had entered into a conspiracy for that purpose.

6. **Receiving Stolen Goods; Evidence.**—The testimony of a police officer of the city as to what he had advised as to defendant's arrest was not admissible in the prosecution for receiving stolen goods.

7. **Witnesses; Examination and Cross.**—Where a witness had already stated that he could not say what the market value of some of his stolen articles found in defendant's possession was, and that he did not know very much about it, it was not an abuse of discretion to sustain objection to further questioning on that point.

8.. **Same; Defendant Before Grand Jury.**—Where a defendant was examined before a grand jury as a witness against someone else charged with the commission of the crime, previous to the finding of the indictment against defendant, and his testimony was voluntarily given, any incriminating testimony given by him, or any admissions made by him could be used against him when charged himself with the offense.

9. **Words and Phrases; Accusation; Accused.**—An accusation of crime is when a party is charged in due form of law before an officer or tribunal

[Coplon v. The State.]

competent to try and award punishment for an offense; the term "accused" in law meaning to charge with an offense judicially, or by public process.

·10. **Appeal and Error; Harmless Error; Evidence.**—If of an undisputed fact, the admission of incompetent evidence is harmless.

11. **Same.**—Where defendant himself testified as to the same fact, he cannot complain of the admission of improper evidence relative thereto.

12. **Evidence; Testimony Before Grand Jury.**—Defendant's evidence before the grand jury as to a collateral matter not in any sense a confession of guilt, is admissible without first showing that it was voluntarily made.

13. **Witnesses; Opinion.**—Question to a witness "You are indicted about this, aren't you?" and "Are you indicted for the same thing, under charge for this same offense?" are proper, since the matters inquired about were of the concrete fact about which the witness could answer if he knew.

14. **Appeal and Error; Review; Reservation of Ground.**—In the absence of an exception taken to the remarks of the court, or of the solicitor, about an absent witness, nothing is presented for review as to such matters.

15. **Charge of Court; Weight of Evidence.**—A charge asserting that the jury must give the same weight to the evidence of one person as it gives to that of another witness, was improper as a charge on the weight of the evidence.

16. **Same; Covered by Those Given.**—Charges substantially covered by instructions given may be refused without error.

17. **Same; Singling Out Testimony.**—Charges which single out particular phases of the testimony are bad.

APPEAL from Jefferson Criminal Court.

Heard before Hon. JAMES E. BLACKWOOD.

Dave Coplon was convicted of buying, selling, receiving or concealing stolen property, and he appeals. Affirmed.

BEDDOW & OBERDORFER, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant (appellant) was tried in the criminal court of Jefferson county, charged with buying, receiving, concealing, or aiding in concealing personal property of the value of $25, the property of James M. Shelburne, knowing that it was stolen and not having the intent to restore it to the owner. Defendant appeals from a judgment of conviction imposing a sentence of three years' imprisonment in the penitentiary. The original indictment contained two counts. The first count charged the burglary of a dwelling house, but this charge was abandoned and is not involved in this appeal. The evidence

in the case is undisputed that the defendant was found in possession of goods belonging to Dr. James M: Shelburne, which were stolen from his residence.

Defendant has made 37 assignments of error on the record, which will be discussed as far as deemed necessary in their order as they appear in the record and brief of defendant's counsel.

(1) The first assignment of error relates to the action of the court in permitting the witness Dr. Shelburne to testify: "I went there [Ensley] at defendant's brother's, and there I found a pair of trousers that I did not know that I had lost."

As set out in the assignment of error, the testimony of the witness and exception taken are not accurately stated. The witness Shelburne, in his direct examination, was recounting the facts connected with finding a part of his property in the hands of the defendant (appellant) at his store in Birmingham, and in connection with that part of his testimony stated: "I asked him [defendant] where he had his cleaning done, and he said Ensley, and at his brother's."

It would be a fair inference from that statement made by the defendant to the witness to conclude that he had whatever clothes he had cleaned at his brother's in Ensley. Then Dr. Shelburne, continuing his direct examination, stated: "I went there, and there I found a pair of trousers that I did not know that I had lost. The same afternoon I came in and found my gray suit at defendant's place, nicely pressed and in good order."

This testimony was elicited in Dr. Shelburne's direct statement, and no objection seems to have been suggested on the part of the defendant until some time later, when a motion was made to exclude the statement of the witness that he found a pair of trousers that he did not know he had lost, in Coplon's brother's place at Ensley. This testimony was not irrelevant, immaterial, nor was it illegal. The fact that the defendant had a part of witness' stolen property in his possession, with the further fact that the defendant admitted he was in the habit of having his goods cleaned at his brother's place, where the witness found other articles of clothing stolen at the same time, was not either irrelevant, illegal, incompetent, or immaterial, but was a circumstance to which the jury might look in determining the guilt or innocence of the defendant.

(2) The second assignment of error is based on the action of the court in sustaining the state's objection to the question pro-

pounded to the witness Shelburne: "What would that suit be worth if owned by one person, worn by another, and you wanted to buy it?"

This question was objectionable because there was no evidence in this case that the suit in question was owned by one person, worn by another, and a third person desired to buy it. The matter in issue was simply the value of the suit of clothes at the time they were stolen from the witness Shelburne. He had testified that the Prince Albert coat was worth $20, silk vest $3, and pair of trousers $6 or $7; and, so far as the evidence in this case shows, it was the value of these clothes when stolen from the witness in the condition they were then in that was the legitimate subject of inquiry, and not their value after they had been worn by some one else and their value to some supposed third party purchaser.—*Coony v. Pullman Co.,* 121 Ala. 368, 25 South. 712, 53 L. R. A. 690. The same objection applies to assignment of error No. 3.

No mention of assignment of error No. 4 is made in brief of defendant's counsel, and it seems to be based on a matter of no consequence.

(3) Assignments of error 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, relating to rulings on the evidence, are not argued by appellant's counsel and are merely supported by a statement in appellant's brief that: "These several objections to the questions propounded, as shown in said assignments, were well taken, and should have been sustained."

No reason is given in support of either of these assignments, and we are led to believe that they have no basis, or that they would have been argued by appellant. The court's ruling in each instance seems to us to be free from error. Many of the objections reserved are to the action of the court in refusing to exclude evidence to which no objection is shown to have been interposed to the questions eliciting it, and are therefore unavailing to show error.—*Thomas v. State,* 12 Ala. App. 278, 68 South. 524.

(4) Assignment of error 16 is based on the action of the court in permitting witness Lewis Pierce to testify with regard to the conduct of the man named Fox, who, it was shown by the evidence, was an employee of the defendant. One phase of the evidence in this case tended to show this man Fox was working for the defendant, and had been for several years; that he had gone out of defendant's place of business in the morning and

had met the negro, Robert Lee, some distance from the home of Dr. Shelburne, whose property was stolen. The evidence afforded an inference that the negro, Lee, had entered the Shelburne home and stolen the clothing; and several witnesses had testified to seeing Fox, who afterwards became a witness for defendant, talking to the negro, Robert Lee, at or about the time, or shortly after the theft. The only argument made by appellant in his brief to sustain this assignment of error is a statement to the effect that this motion should have been sustained because no testimony had been introduced showing a conspiracy between the negro and Fox to commit the larceny, or that Fox was in any way connected with the larceny of said property, or that this defendant was connected therewith. Possibly this objection, at the time it was made, might have been good on this theory, if the charge against the defendant (appellant) had been for the larceny of the property; but such was not the charge. He was charged with buying, receiving, concealing, or aiding in concealing the property which had been stolen, knowing that it was stolen and not having the intent to restore it to the owner. Therefore the objection was properly overruled.

(5) Assignment 17, and, in fact, a number of other assignments of error, seem to be based on the theory that, before the defendant could be convicted, he must have been shown to have entered into a conspiracy with the negro Lee to steal the property from the home of Dr. Shelburne; and these objections are largely, if not entirely, based on that view of the case. It is true that under the first count of the indictment, in order to have convicted the defendant, it would have been necessary to have shown by legal testimony either that appellant (defendant) broke into the house of Dr. Shelburne, or that he had entered into a conspiracy for that purpose; but the defendant was not tried or convicted under that count of the indictment.

(6, 7) Assignments of error 19 and 20 are directed to the action of the court in sustaining objections on the part of the state to some questions asked witness Taylor on cross-examination by defendant's attorney. These questions relate to what the witness Taylor, who had been a police officer for the city of Birmingham, had advised as to the arrest of appellant. Clearly this testimony was illegal and was properly excluded. Assignments of error 21 and 22 are based upon the ruling of the court in sustaining the objection of the state to questions asked wit-

ness Taylor on cross-examination as to the value of some of the articles found in the possession of defendant. The witness had already stated that he could not say what the market value was at the time inquired about, and, in reply to the question put to him by defendant's attorney, said, "I do not know very much about it," showing that he was really not a competent witness on the question of value; and it does not appear that the court was in error, or abused its discretion, in sustaining objections to further questioning the witness along this line.

(8, 9) The twenty-third assignment of error relates to a question that is strenuously insisted upon and argued by defendant's attorney. It seems that, prior to the finding of the indictment in this case, the defendant had been called as a witness to testify before the grand jury in the examination of that body into the loss of property by Dr. Shelburne. On the trial of this case, W. S. Allen, a witness for the state, was called, who was the stenographer for the grand jury of Jefferson county at the time the matter of the loss of the property of Dr. Shelburne was being investigated. His testimony down to the time when the objection which is the basis for assignment of error 23 was as follows: "I am the grand jury's stenographer. I was the stenographer before the grand jury that returned the indictment against Dave Coplon. Dave Coplon testified. No inducements were offered or any threats were made to Dave Coplon to make a statement. He testified voluntarily before the grand jury."

The state then asked the witness: "I will ask you whether or not he said that this man Fox had been working for him for about three years, and he sent him out on the morning that these clothes were brought back to his place, to buy clothes?"

Defendant's attorney objected to that question on the ground: "That the state examined this defendant, it examined him in a case against this man Robert Lee. If the state used him and put him up as a witness against this man Lee, and if the theory of the state as stated to your honor a few minutes ago by the learned solicitor here is that there was a conspiracy, and if the state proposes now to sustain its case on the theory of a conspiracy, and if the state elected to use one of the coconspirators to secure the indictment of another, putting him up before the grand jury as a state witness, without warning him, your honor, then the state elects to use him as a witness, and whatever he

said might not be used against him directly; but I submit, your honor, that even a prosecution cannot even be properly sustained under circumstances like that for this reason."

We have set forth the objection made by the defendant's attorney on the trial to the question propounded to the witness Allen as set forth in the record. Stripped of redundancy, we understand the objection of the defendant on the trial to amount to this: That although at the time the defendant was being examined as a witness against some one else charged with the commission of the crime for which the defendant himself was afterwards charged, and although his statement was voluntarily made, whatever incriminating testimony he may have given on that examination, or whatever admission he may have made, could not afterwards be used against him when charged with that offense. This is the cardinal question to be determined in this case; for, if the law is as the defendant contends, the court committed reversible error in permitting testimony of the character outlined to be used against the defendant over timely objection made on the trial. The attorneys for appellant (defendant) have filed an able brief contending that the testimony of the defendant given under the circumstances above outlined before the grand jury was involuntary, and could not be used against him on a trial of the matter then being investigated by the grand jury. They have cited a long list of authorities, both English and American, sustaining their contention. What our conclusion would be on this proposition if the question had not already been determined under the decisions of our courts need not be adverted to; but we are constrained to the opinion that under the holding of the Supreme Court in the majority opinion in *Wilson v. State,* 110 Ala. 1, 20 South. 415, the testimony given by the defendant before the grand jury was admissible against him as a voluntary statement. Attorneys for appellant, in order to avoid the force of the decision in the case of *Wilson v. State, supra,* emphasize a statement not shown in the record, that the appellant had been charged with the crime at the time he was examined before the grand jury. This is not borne out by the record. He may have been suspected of buying, receiving, etc., stolen property; but this is an entirely different proposition from having been accused in the sense in which the word is used in the law. An accusation, such as we understand is meant by the courts in the use of that term, is to be charged in due form of law before an officer

or tribunal competent to proceed toward the punishment of an offense. "*Accused.*—One who is charged with a crime."—1 Cyc. 504. See, also, Century Dictionary. The term "accuse," in the law, means to charge with an offense, judicially or by a public process. It is intended to refer to a person who, in legal manner, is held to answer for an offense.—1 Words and Phrases, p. 105. There is no evidence in this case that, at the time the defendant was called before the grand jury, he was accused of the crime for which he was indicted; the fact that a case was docketed against him shortly after he testified, or even immediately after, would not make his testimony given before the grand jury on the investigation be held to be involuntary.

"In this state, the decisions are uniform that confessions made by a prisoner in custody, and charged with an offense, although made to an officer in charge of the defendant, are not thereby conclusively rendered involuntary and inadmissible. * * * Much less can this court consistently declare that the statements of a witness, not accused and not under arrest, are conclusively involuntary, because made under the sanction of an oath."—*Wilson v. State, supra.*

(10-12) It might be said on this phase of the case that we find nothing in the testimony elicited from the witness Allen that could in any sense be stated as the improper admission of evidence prejudicial to the substantial rights of the defendant requiring a reversal of the case. The only question asked the witness Allen was: "Whether or not he [defendant] said that this man Fox had been working for him about three years, and he sent him out on the morning that these clothes were brought back to his place, to buy clothes?"

The employment of Fox by the defendant for three years or more was an undisputed fact in evidence, testified to both by the defendant's witness Fox and the defendant. That the defendant had sent Fox out for the purpose of buying clothes, on the morning that these clothes were brought back to the defendant's place of business, was also a matter without conflict in the evidence, and testified to by the defendant himself on his examination in chief, when testifying in his own behalf. The admission of evidence, though it be incompetent, if it be of undisputed facts, is harmless.—1 Enc. Dig. of Ala. Reports, 601, § 1051 (2), and the numerous authorities there cited. The defendant cannot complain of the admission of improper evidence where he himself

[Coplon v. The State.]

testified to the same facts.—4 Enc. Dig. Ala. Reports, 575, § 776 (3), and authorities cited. At most, the matter elicited was of a collateral matter, not in any sense a confession of guilt, and was admissible without first showing that it was voluntarily made.—*McGehee v. State*, 171 Ala. 19, 55 South. 159.

The same reasoning and the same answer applies to assignments of error 24, 25, 26, and 27, all of which are hypothesized on the theory of counsel that the testimony of the defendant before the grand jury was involuntary and incriminating, neither of which contentions is, in our opinion, sound.

(13) Assignments of error 28 and 29 are without merit. The question addressed to the witness Fox, "You are indicted about this, aren't you?" and, "Aren't you indicted for the same thing, under charge for this same offense?" are matters about which the witness could answer, if he knew, as a concrete fact, and are questions that were therefore not improper.—*Phillips v. State*, 11 Ala. App. 168, 65 South. 673; *White v. State*, 12 Ala. App. 160, 68 South. 521.

(14) Assignment of error 30 is based on the statement of the court and solicitor about an absent witness. No exception was taken to the remarks of the court or the solicitor at the time, and therefore there is nothing before us for review.

(15, 16) There is no merit in assignments of error 31, 32, 33, and 34. The two charges upon which the last two assignments are predicated were substantially given in the oral charge of the court, where the court says: "And the testimony of the witness for whom the showing was read, and you take that that was read from the showing as the testimony of the witness, admitted by the state that if that witness was present he would testify to what he is in the showing, not that it is true, but simply if the witness were here he would testify in substance to that, that is in the showing, so you take that as evidence."

The charge which is the basis of assignment of error 33 was as follows:

(a) "I charge you that you must give the same weight to the evidence of Sol Miller as to the evidence of other witnesses."

This was a charge on the weight of the evidence, and clearly not proper. The substance of charge "b" was given in the oral charge of the court.

Charge 4 refused to the defendant, on which refusal assignment of error 35 is based, was given in substance in charge 7.

(17) Charges 13 and 14 refused to the defendant, which are the bases for assignments of error 36 and 37, were bad, in that they singled out particular phases of the testimony.

We conclude, after consideration of the entire record, that the appellant has had a fair trial in the court below, and that no error intervened prejudicial to his rights in the administration of substantial justice.

Affirmed.