(136 So. 864)

## LITTLE v. STATE.

### 4 Div. 779.

Court of Appeals of Alabama.
Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

Marcus J. Fletcher, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

goods, and evidence that on other occasions about the same time defendant received other articles from the same thief knowing that they were stolen is admissible as tending to prove this fact. Piano v. State, 161 Ala. 88, 49 So. 803. Evidence of other crimes is not admissible to prove the crime charged, but, where a scienter is an element of the crime charged, proof of other similar crimes, at or about the same time, is admissible on the question of knowledge. 8 So. Digest Crim. Law, ☞370. There is no error in the record, and the judgment is affirmed.

Affirmed.

SAMFORD, J.

The defendant and three others were jointly indicted in three separate counts charging burglary, grand larceny, and receiving stolen property, etc.

■ The evidence, without dispute, establishes the burglary and theft of a large quantity of merchandise from the storehouse of Mutual Grocery Company, a corporation, in Opp, Ala. The larger part of this stolen merchandise was found under a tarpaulin (which also had been stolen at the same time), near defendant's house in the woods and about one hundred feet from the road leading by defendant's house. Four sacks of sugar stolen at the same time were found hidden in defendant's house, and, when found, he admitted he "lied about it," i. e., said he bought it from Sessons Grocery Company. The aggregate value of the sugar was $20. If this were all of the stolen goods with which defendant was connected, the punishment should have been the same as for petit larceny. Code 1923, § 4912. There are, however, facts and circumstances in this case, not necessary here to point out which would justify the jury in inferring that this defendant was jointly interested in the whole enterprise, including, not only the four sacks of sugar, but the goods hidden under the tarpaulin in the wood near his house. The verdict and judgment will not be disturbed.

■ At the time defendant's house and premises were searched, and the four sacks of sugar and other merchandise belonging to Mutual Grocery Company was found, there was also found in defendant's house and on his premises a quantity of other merchandise which had been stolen from W. A. Jones at McKensie. After the witness Jones had testified to the finding of some of his merchandise in defendant's house and pasture without objection being interposed, motion was made to exclude this evidence. This motion came too late. Moreover, guilty knowledge is the gist of the offense of receiving stolen