THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
SAM MARINO, Respondent.

(Argued April 23, 1936; decided July 8, 1936.)

*Martin W. Littleton,* District Attorney (*Philip Hunting-ton* of counsel), for appellant.

*Irving Cahn* for respondent.

CRANE, Ch. J.   Section 1308 of the Penal Law relates not only to the receiving of property, knowing it to be stolen, but also to the concealing and the withholding of any such property with like knowledge.   Nowhere in this section is there a requirement that the thief must be specified, named or even known.   The fact that a party has property which he knows to have been stolen, or receives it knowing it to have been stolen, is a crime, although he may never know who is the thief or from whom the property was stolen.   (*People* v. *Wilson,* 151 N. Y. 403.)

The difficulty in this case seems to have been in reading our previous decisions, such as *People* v. *Doty* (175 N. Y. 164, 168), as though the particular facts of that case had crystallized into a rule of law so that there could never be any dissimilar facts creating the crime.   We must always read the decisions with a view of finding the principle which they are trying to enunciate.   The rule which this court was trying to express is that other similar transactions are competent evidence to prove the crime of receiving stolen goods, provided there be "such a connection of circumstances as that a natural inference may be drawn that if the prisoner knew one article was stolen he would also be chargeable with knowledge that another was."   What these circumstances are which lead to this inference can never be known until they happen.

The exact wording of section 1308 of the Penal Law is: "A person who buys or receives any property knowing the same to have been stolen  *  *  *  or who conceals, withholds, or aids in concealing or withholding any property, knowing the same to have been stolen,  *  *  * is guilty of a felony  *  *  *. A person who being a dealer in or collector of any merchandise or property,  *  *  *  fails to make reasonable inquiry that the person selling or delivering any stolen or misappropriated property to him has a legal right to do so, shall be presumed to have bought or received such property knowing it to have been stolen or misappropriated."

This defendant was charged with violating this section in having received, concealed and withheld a Buick automobile of the value of more than $500, the property of Joseph Bichelman, which had been stolen, the defendant knowing that the same had been stolen and intending to deprive the owner thereof. He was tried and convicted, and the Appellate Division has affirmed all the facts, as it was justified in doing upon the evidence. Although the Appellate Division reversed, it did so solely upon the law, giving effect to the provisions of section 543-a of the Code of Criminal Procedure, which states that such a reversal is an affirmance of the facts. Therefore, the facts which have been affirmed are that this defendant received, concealed and withheld Joseph Bichelman's automobile, knowing it to have been stolen and intending to deprive the owner of it. The Appellate Division reversed solely upon the authority of *People* v. *Doty*, because evidence was received showing that the defendant possessed, sold and disposed of other automobiles, knowing them to have been stolen at about the same time and under similar conditions as in the Bichelman crime, when such evidence failed to show the receiving from the same thief. The strange part of this decision is that there is no evidence at all to show who the thief is or who stole Bichelman's car. Can it be possible that

this crime is not committed when the thief is unknown? Such has not been the ruling of the courts and is contrary to the express provisions of this section of the Penal Law.

The defendant at different times sold four cars to Frank Wicks, one of which was Bichelman's. These four cars were almost new, were sold to Wicks far below their reasonable value and were subsequently sold by Wicks after user for much more money than he paid the defendant for them. The defendant apparently had no place of business outside of his home in Brooklyn. These transactions occurred in Mineola, Nassau county. Witnesses proved that the defendant was a dealer in cars.

But the People went further than this and proved that the defendant had sold at or near this time and under similar circumstances stolen cars to others, including Richard Jansen, of Pine Bush, New York, He knew the cars were stolen. In fact, the defendant admitted not only that he was a dealer in cars, but that he dealt in stolen cars, referred to by him and by the witness as "hot cars." This is a term used by criminals to mean stolen cars. Jansen testified: "He [the defendant] said he couldn't get me that car, that I would have to take a hot car. I couldn't get my money back, so I had to take the hot car. * * * He said that he had a Dodge, a 1933 Dodge that he would sell me. He said that the Dodge was hot."

The evidence as to these other cars was competent. In fact it goes to the very point in question. The manner of sale was similar in all the transactions and they emanated in personal contact with the defendant at his home in Brooklyn. The one element necessary to be proved was that he knew these cars to have been stolen. His own admission goes far to prove this. Likewise, the fact that the defendant also sold, under similar circumstances, stolen cars to others, had an immediate and direct bearing upon the question of his knowledge. In a case of forgery or counterfeit money it has always been one of

the chief elements of proof, as bearing upon the defendant's guilty knowledge, that he possessed, at other times not too remote, other forged or illegal paper. Why there should be any difference in principle simply because the properties passed off are stolen automobiles instead of forged paper or counterfeit money is inexplicable to us. The rule is emphasized in all the cases to be that, to prove guilty knowledge or intent in cases like this, other similar transactions closely connected in circumstances and time with the one in question are competent as evidence tending to prove knowledge of illegal possession.

Thus, in *Copperman* v. *People* (56 N. Y. 591, 593) this court said: "Although facts may be proved not connected with the transaction constituting the crime, to establish guilty knowledge, yet they may be regarded as competent because they tend directly to prove an essential element of the crime, to wit, knowledge of a given fact. A familiar instance is the case of passing forged bills or notes. The passing of a counterfeit bank bill is not, *per se*, a crime, but it is essential that the person should know that it is counterfeit, and hence it has been held competent to show that he had passed on other occasions, or had in his possession, similar bills, because such evidence bears directly upon his knowledge of the character of the bill passed, for which he is indicted; but the strength of such evidence depends upon the number of other bills, and all the circumstances connecting him with them. So it is not *per se* criminal to receive stolen property, but it is a crime to receive it knowing it to have been stolen."

In this day when the automobile trade has become so extensive and the exchange or sale of second-hand cars by second-hand dealers so widespread, we can see no reason why the same force of reasoning that prevails regarding the possession and passing of forged bills and notes or counterfeit money does not apply to the possession and passing of stolen automobiles. Especially is this so when the identity of an automobile can always be

ascertained and ownership established through the State registration records.

This crime, as before stated (§ 1308), is made out when one withholds property from the true owner knowing the same to have been stolen; it is not necessary that he receive it from the thief or know the thief who stole it. For this reason all that was said in the *Doty* case cannot apply. The opinion there written was with reference to the particular facts which were the receiving of stolen property from some school boys who had stolen it. When reference was made to the acceptance of property from the same thief on other occasions the court was dealing with a charge which particularly related to the receiving of property from a thief knowing him to be a thief. The particular facts did not relate to the retaining or concealing property, knowing it to have been stolen, without knowing anything about the thief or even having received it from the thief. We call this the crime of receiving stolen property, but as defined by the section (1308), it has many different phases. Even then, as we have above stated, the *Doty* case was attempting to express a general principle or fundamental rule which permits the proof of other similar transactions in order to establish guilty knowledge. It laid down no hard and fast rule as has been assumed, but leaves it dependent upon circumstances which cannot be foreseen, circumstances which to the ordinary, reasonable mind would immediately suggest and indicate that guilty knowledge must have existed. A reasonable person of ordinary intelligence would rightly conclude that a dealer in cars who had sold three or four stolen cars knew them to have been stolen if he had sold other stolen cars about the same time and referred to them as " hot " or stolen cars, and cautioned his customer about them.

That the *Doty* case was molding this rule of law as to other transactions to the particular facts of the case is also evident in that the court refused to follow the restriction in the earlier cases, that the property in the prior

transactions must have been stolen from the same owner. The court expanded the rule, as we must do, to meet new circumstances which have in them such a connection with the charged crime as to tend reasonably to establish guilty knowledge.

" The fundamental basis upon which all rules of evidence must rest -- if they are to rest upon reason — is their adaptation to the successful development of the truth. And since experience is of all teachers the most dependable, and since experience also is a continuous process, it follows that a rule of evidence at one time thought necessary to the ascertainment of truth should yield to the experience of a succeeding generation whenever that experience has clearly demonstrated the fallacy or unwisdom of the old rule." (*Funk* v. *United States*, 290 U. S. 371, 381.)

That evidence is competent, showing that a defendant received or held other stolen cars, knowing them to have been stolen, although not received from the same thief or from any thief, finds ample support in the authorities. (*People* v. *Di Pietro*, 214 Mich. 507; *United States* v. *Brand*, 79 Fed. Rep. [2d] 605; certiorari denied, 56 S. Ct. 381; *State* v. *Cohen*, 254 Mo. 437; *Beuchert* v. *State*, 165 Ind. 523; *State* v. *Feuerhaken*, 96 Iowa, 299; *Commonwealth* v. *Billings*, 167 Mass. 283; *State* v. *Habib*, 18 R. I. 558; *Goldsberry* v. *State*, 66 Neb. 312.)

In *People* v. *Di Pietro* (*supra*) evidence was admitted that the defendant received other stolen cars as part of a scheme or plan to have and deal in stolen cars. The court said: " ' * * * the probabilities of an honest mistake diminish as the number of similar transactions indicating a scheme or system increases.' " (p. 511.) And in *United States* v. *Brand* (*supra*, p. 606) the opinion states: " The competence of such evidence does not depend upon conformity with any fixed conditions, such as upon direct proof of scienter, or *the identity of the thief in the earlier instance*, or of the victim, or the number of instances in which the accused received stolen goods, or

the similarity of the goods stolen. These are all relevant circumstances but not necessary constituents. Nor can we see any basis for distinguishing between knowledge and intent in such cases. The judge must decide each time whether the other instance or instances form a basis for sound inference as to the guilty knowledge of the accused in the transaction under inquiry; that is all that can be said about the matter." Professor Wigmore, in his work on Evidence (Vol. 1, §§ 324 to 327) takes the same view.

The judges who participated in the *Doty* case evidently had this breadth of rule in mind and did not intend by their decision or analysis as stated in the opinion to center the proof of prior transactions around the particular facts of the *Doty* case nor require that the thief had to be known and be the same under all circumstances. This I think is quite evident from the quotation taken from the earlier cases and contained in that opinion: " It is unnecessary to say that all these qualifications *must exist*, but to warrant the introduction of such evidence there must be such a connection of circumstances as that a natural inference may be drawn that if the prisoner knew one article was stolen he would also be chargeable with knowledge that another was."

The defendant was proved to be a dealer in second-hand automobiles. It is also proved in the case, without contradiction, that he made no inquiries whatever as to the legal right of the person from whom he received the cars to sell or dispose of them. According to this section 1308 he was, therefore, presumed to have received such property, that is, Bichelman's car, knowing it to have been stolen. The defendant took the stand and denied that he knew any of the people — and there were five or six of them — who had testified against him, or that he had sold them cars, as stated in their evidence. His defense was a flat denial of any and all transactions. These last statements have no bearing upon the point which we have discussed here, and which was the basis of the reversal by the Appellate Division, but they go to

show that the guilt of the defendant was established by competent and abundant evidence. It also illustrates the scope of the present section (1308) which now includes this presumption added by amendment. (L. 1928, ch. 354.)

For the reasons here stated, the order of the Appellate Division should be reversed, and the judgment of the County Court affirmed.

O'BRIEN, J. (dissenting). In view of the strong evidence against this defendant, the Appellate Division might have been justified in exerting its power under section 542 of the Code of Criminal Procedure, but it did not choose to do so. It reversed for an error of law which we must assume it deemed substantial.

With perfect candor the district attorney concedes that the evidence in this case does not come within the rule announced in *Coleman* v. *People* (55 N. Y. 81); *Copperman* v. *People* (56 N. Y. 591) and *People* v. *Doty* (175 N. Y. 164). In the case last mentioned, at pages 171, 172, this court reviewed the rule in the two former cases and reiterated the doctrine that in every case relating to proof of the receipt of stolen articles, other than the one forming the subject of the indictment, the evidence must show that the defendant received those articles from the same thief.

The district attorney frankly asks us to overrule those cases in so far as they are applicable to stolen automobiles, but does not, on this appeal, urge that a new rule should be extended to stolen articles other than automobiles.

In complying with this request, this court is reversing the Appellate Division for its act in enforcing the doctrine which we have always announced to be the true one. When a court of last resort violates the rule *stare decisis*, nothing except obscurity can result. Members of the bar will be unable to advise clients, trial judges will be without guide in charging juries, intermediate courts of review must be filled with confusion. The application of general principles will become impossible. If the con-

census of competent opinion is that a precedent relating to a rule of evidence is wrong, it should certainly be changed. Perhaps a new canon regulating the admission of evidence in cases similar to the one before us should be established. Such an alteration, however, should, in my opinion, be by statute looking to the future rather than a formulation by judicial process affecting an event which is past.

LEHMAN, LOUGHRAN and FINCH, JJ., concur with CRANE, Ch. J.; O'BRIEN, J., dissents in opinion, in which HUBBS and CROUCH, JJ., concur.

Ordered accordingly.