THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL LIPSHETZ, Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him, on his plea of guilty, of the crime of petit larceny, and from the sentence imposed. Defendant also appeals from an order of said court denying his application for leave to withdraw his plea of guilty and to interpose a plea of not guilty, to dismiss the indictment for grand larceny for failing to state facts sufficient to constitute a crime, and for an order in arrest of judgment. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence and from the order, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL NIEMAN, True Name PAUL NIEMANN, Appellant.— Judgment of the County Court, Richmond County, convicting appellant of the crime of grand larceny in the second degree, in that he took and operated an automobile without the consent of the owner, in violation of section 1293-a of the Penal Law, reversed on the law and the facts and a new trial ordered. In our opinion, the evidence was sufficient to sustain the verdict of the jury, and the summation of the assistant district attorney was not so inflammatory or prejudicial as to warrant a new trial. Reversal is required, however, by reason of the admission in evidence, over appellant's objection, of testimony tending to prove that appellant had been guilty of a similar violation of section 1293-a of the Penal Law about ten days prior to the offense charged in the indictment. That testimony was received under the doctrine of *People* v. *Marino* (271 N. Y. 317), which permits proof of similar criminal acts to show guilty knowledge or intent. That rule is inapplicable to the facts presented. To establish the crime charged, it was not necessary to show any specific criminal intent other than that proved by the act itself (cf. *People* v. *Katz,* 209 N. Y. 311, 328–329, and *People* v. *Gill,* 299 N. Y. 774) and evidence that appellant had committed a similar offense was inadmissible to prove his guilt of the crime for which he was being tried (cf. *People* v. *Molineux,* 168 N. Y. 264, 291). On the record presented, the error in receiving such testimony may not be disregarded. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.