104 So.2d 762

**John DAVIS**

**v.**

**STATE.**

**4 Div. 369.**

Court of Appeals of Alabama.

Aug. 19, 1958.

J. Hubert Farmer, Dothan, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of buying, receiving, concealing, etc., stolen

property, consisting of two truck tires, of the value of $80, the personal property of Southeastern Tire Company, a corporation, knowing they were stolen, and not having the intent to restore them to the owner.

The evidence for the State tended to show that on the night of June 5, 1956, two Goodyear truck tires, size 8.25 X 20, were stolen from the Southeastern Tire Company. The reasonable market value of the two tires was $80. The tires were found in appellant's possession on the night they were stolen.

Oscar Brinkley, a State's witness, testified that he, Elvester Garrett and Curtis Jenkins were all employees of the Southeastern Tire Company at the time the tires were stolen. Brinkley said he took the tires from the outside of the store, where they had been placed by Jenkins pursuant to a previous arrangement. Brinkley then took the tires to appellant's Cafe and appellant paid him $20 for the two tires and a wheel. He further said that he told appellant they were cleaning out the place of business where he worked and the two tires were of no use to the business concern.

Defendant testified that Brinkley brought to his Cafe on the night in question the two tires, stating to defendant the tires had been discarded by his employer and that defendant might have them for $25; that he agreed to and did pay $20 for them; that he placed them in his truck which he later that night drove to his home; that same night police officers made inquiry about the tires; that defendant turned the tires over to the officers and related the circumstances as to how he obtained them.

Defendant also introduced evidence of his good character.

At the time the tires in question were found in defendant's possession he also had in his possession certain other tires which were identified as having been stolen from the Southeastern Tire Company at about the same time. The police officer testified defendant stated to him that he had bought these tires from Curtis Jenkins and Elvester Garrett.

Defendant also testified that he took possession of these tires from Jenkins and Garrett and admitted that he had so stated to the detective.

Defendant's timely objections to the admission of testimony as to the possession of tires other than those charged in the indictment were overruled. Motion to exclude this evidence was denied.

On the trial the State contended the evidence was introduced for the purpose of showing intent.

■ Evidence of defendant's contemporaneous possession of other stolen goods is admissible on the question of intent and guilty knowledge. Little v. State, 24 Ala. App. 484, 136 So. 864; Piano v. State, 161 Ala. 88, 49 So. 803; Leverett v. State, 18 Ala.App. 578, 93 So. 347.

We find no merit in defendant's insistence that testimony of possession of the tires other than those charged in the indictment "is of such inconclusive nature and character that the prima facie presumption of inadmissibility is not overcome."

Defendant also urges in brief: "As to these tires the evidence shows that appellant fully and voluntarily co-operated with police officers in ascertaining what the actual facts were. The possession or any use by appellant was open, above board and without concealment or other show of guilty knowledge."

■ The sufficiency of the evidence is not presented for our review, since there was no request for the affirmative charge, no motion to exclude the State's evidence and no motion for a new trial. Parker v. State, 37 Ala.App. 169, 65 So.2d 215 and cases there cited.

When the defendant had rested his case the State offered, by way of rebuttal, evidence by Mr. Byrd, Manager of Southeastern Tire Company, to the effect that "dur-

ing the month of May, the first part of June, 1956," Oscar Brinkley, Elvester Garrett and Curtis Jenkins were employees of the Company; that they were working there when two Lee tires, two Goodyear truck tires and three U. S. Royal tires were stolen from the Company; that the witness identified these tires, while they were in possession of the police department, as being tires which were stolen from the Company; that these seven tires were returned to him by the police department.

Defendant objected to this evidence on the general grounds and on the additional ground that it was not proper rebuttal testimony.

Admission or rejection of rebuttal evidence is largely in the trial court's discretion. Floyd v. State, 245 Ala. 646, 18 So.2d 392; Caldwell v. State, 203 Ala. 412, 84 So. 272. We find no abuse of such discretion in the premises.

No reversible error appearing in the record, the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.