130 So.2d 227

Edward Pinckney HARRIS

v.

STATE.

6 Div. 778.

Court of Appeals of Alabama.

March 7, 1961.

Rehearing Denied March 28, 1961.

262

Beddow, Gwin & Embry, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty of receiving, concealing, or aiding in concealing a two-door Ford Fairlane automobile of the value of $1,800, the property of Velma Roberts, knowing that it was stolen and not having the intent to restore it to the owner, and etc.

Velma Roberts testified that she was the owner of the automobile described in the indictment and that it was taken from a parking lot in Ensley, Alabama, on 1 August 1958.

Mr. Granger Woodall of Woodall Motor Company, Atlanta, Georgia, testified that he bought this automobile from the appellant on 18 August 1958, for $1,487.50. A bill of sale was introduced showing that the defendant allegedly bought the car from one Ellis T. Dawson on 13 August 1958, for $1,265. Efforts to locate Ellis T. Dawson by law enforcement officers had been unsuccessful.

Over appellant's well-grounded objections, the court permitted testimony from four other persons as to the theft of their automobiles.

Mr. James D. Hammett was permitted to testify that his 1957 Ford two-door Fairlane automobile was stolen from a parking lot in Ensley, Alabama, on 25 July 1958.

Mr. Donald Jones testified that his 1957 Chevrolet Bel Air automobile was stolen from in front of Watson's "Dine and Dance" on Highway 31 North. We presume this was in Jefferson County.

Mr. John H. Linquist, employed by the Malpas Motor Company, testified that a

1958 Plymouth Fury was stolen from the show room of the Malpas Motor Company on the night of 23 June 1958.

Mr. James W. Sprouse testified that his 1958 Ford Fairlane automobile was stolen from in front of his home in Newcastle on the night of 31 July 1958.

The appellant operated a used car business, and all of the above automobiles were eventually sold by him to the Woodall Motor Company in Atlanta, Georgia, but not at the same time, the dates of these sales being May 21, July 15, August 18, September 19, and October 31, 1958, respectively.

The evidence shows that none of the motor numbers or identification numbers had been mutilated or tampered with at any time. Also, there is no evidence tending to show that the defendant had any two of the above mentioned automobiles in his posssession contemporaneously.

In his own behalf the appellant testified that he had been in the used car business off and on since the year 1945, and on occasions he had gone to the auction lots at Midfield, and at Irondale and had bought as high as 200 cars per month, turning said cars over at a small margin of profit. He claimed that the cars which he had sold the Woodall Motor Company had been bought in the regular course of his business, though he was unable to find any of the parties from whom he allegedly bought the automobiles.

■ Ordinarily evidence of prior offenses is not admissible but as with most broad general rules, numerous exceptions have been discussed in a large number of cases from this court and from the Supreme Court. We will not attempt a review of these discusssions in this opinion, but have noted a number of these cases in McMurtrey v. State, 37 Ala.App. 656, 74 So.2d 528.

■ We have refrained from a discussion of the cases dealing with the exceptions to the general rule that evidence of other offenses is not admissible, for the reason that we are clear to the conclusion that the doctrines of our cases dealing with receiving stolen goods prohibit evidence of other like offenses unless a defendant obtains the stolen goods from the same thief. This doctrine has been again reiterated in the recent case of Sledge v. State, 40 Ala.App. 671, 122 So.2d 165, 166, wherein Cates, J., in discussing the identical problem confronting us, wrote:

"Here, in examining the crucial statutory element under § 338, supra, we are concerned with whether Sledge wittingly or unwittingly bought a stolen hog or had reasonable ground for believing he had bought a stolen hog. Receiving stolen goods may present three separate facets of the mind of the prisoner: (1) knowledge of the goods having been stolen, the *scienter*; (2) intent to deprive the true owner of possession, the *animus furandi*; and (3) criminal intent generally, the *mens rea*.

"Wigmore (Evidence, 3rd Ed.), §§ 324, 325, divides the instant problem into two principles: the Knowledge principle; and the Intent principle. See United States v. Brand, 2 Cir., 79 F.2d 605.

"However, to take either of Wigmore's principles, it would be necessary to demonstrate that the admission would not violate the rule against reception of evidence of other offenses or of matter from which complicity in another offense might be inferred. Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847 (proof of other robberies linked with the charged robbery only in time and in identity of the defendant reversible error).

"We consider our cases follow the view of the minority in People v. Marino, 271 N.Y. 317, 3 N.E.2d 439, 105 A.L.R. 1283. Piano v. State, 161

264

Ala. 88, 49 So. 803; Morris v. State, 17 Ala.App. 126, 82 So. 574; Leverett v. State, 18 Ala.App. 578, 93 So. 347; Glover v. State, 21 Ala.App. 423, 109 So. 125; Little v. State, 24 Ala.App. 484, 136 So. 864; and Davis v. State, 39 Ala.App. 515, 104 So.2d 762. See also Gassenheimer v. State, 52 Ala. 313; Coplon v. State, 15 Ala.App. 331, 73 So. 225; McElroy, Evidence in Alabama (2d Ed.), par. 70.23; Coleman v. People, 55 N.Y. 81, and Copperman v. People, 56 N.Y. 591."

We would like to note that in Brasher v. State, 33 Ala.App. 13, 30 So.2d 26, 29, in an opinion prepared by the writer, we held that in a prosecution for carnal knowledge of a girl thirteen years of age, evidence of the accused's degenerate sexual acts with a five year old girl approximately four months prior to the date of his alleged illegal relations with the 13 year old girl, was properly admitted as tending to show that the accused was a person "tainted with traits of sexual depravity" a man "afflicted with general base desires for young girls, and therefore of sufficient probative value to justify its admission * * * as identifying the accused as a man of such inclination."

We further held, however, that the court had erred in some additional evidence which was admitted over the defendant's objection.

On certiorari the Supreme Court agreed with our conclusions as to the erroneous admission of this additional evidence, and denied the writ of certiorari, and our judgment of reversal was affirmed by the Supreme Court, 249 Ala. 96, 30 So.2d 31, 33.

However, the Supreme Court disagreed with our conclusions as to the propriety of the admission of the other sexual offense and stated among other things:

"The rule in this jurisdiction, as it is generally, is that in some sexual cases such as fornication, statutory rape and sodomy, other similar acts between the same parties are admissible as tending to sustain the principle charge by showing the relation and intimacy of the parties. Lawson and Swinney v. State, 20 Ala. 65, 56 Am.Dec. 182; Harrison v. State, 235 Ala. 1, 178 So. 458; Brown v. State, 32 Ala.App. 131, 22 So.2d 445. But those cases are not here controlling because of the fact that here different parties were involved in the two offenses and there is no similarity in the acts alleged to have been committed other than that they were both of a sexual nature."

We have adverted to the doctrine enunciated by the Supreme Court in the Brasher case, supra, for the purpose of emphasizing the reluctance of the Supreme Court to extend the application of the exceptions to the general rule concerning the admission of other offenses. We think that the Brasher case, supra, reinforces the correctness of the conclusions reached by this court in Sledge v. State, supra, to the effect that evidence of other offenses concerning receiving or concealing stolen goods, can properly be admitted only where such goods were received from the same thief.

Actually, in the present case there is no evidence as to who was the thief who stole the four additional automobiles not specified in the indictment, nor is there any evidence of the circumstances under which this appellant procured the automobiles. The evidence of the theft of the four additional automobiles, on various dates and from various localities, could therefore possess no probative value going to establish scienter, intent, or motive. Nor does such evidence have any relevancy to prove any system or pattern.

It further appears that Mr. Woodall was permitted to testify over the appellant's well-grounded objections that during the year 1958, he had purchased ten automobiles from this defendant and of

these ten automobiles, he had had to pay the insurance company for eight of them.

The clear implication of Mr. Woodall's testimony in this connection was that he had paid the insurance company for these eight automobiles because they had been stolen. It is readily apparent therefore that this portion of Mr. Woodall's testimony of necessity must be deemed to have included not only the four stolen automobiles mentioned above, and which were not included in the indictment, but also at least three additional automobiles.

From what we have said above, the admission of this testimony by Mr. Woodall must be considered as erroneous.

Reversed and remanded.