300 So.2d 414

**Reginald H. STEPHENS**

v.

**STATE.**

**1 Div. 406.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Rehearing Denied June 25, 1974.

---◆---

Matranga, Hess, Sullivan & Stout, Mobile, Joseph O. Kulakowski, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Buying, receiving, etc., stolen personal property: sentence, three years imprisonment. Code 1940, T. 14, § 338.

I

Under the tendencies of the State's evidence Stephens knowingly bought from C. L. Cummins and Kim Bolt several guns. These weapons were the fruits of burglarizing the home of Bruce H. Britt. One Robert Crittenden acted as a go-between in the sale; Crittenden bought one gun with money furnished him by Stephens, presumably a finder's fee. Stephens dealt directly with Cummins and Bolt.

II

Over objection, evidence was admitted to show that Stephens bought some other stolen guns [1] from Mike Lowery and Cowboy Williams. Again Crittenden served as broker while Lowery and Williams waited in the kitchen for their money. This sale was the subject of another indictment.

We believe the objection was valid under Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847. We consider that here proof of another crime shows no distinguishing light on a trait or modus operandi, or identity.

To show scienter of receiving stolen goods, proof of other like offenses must be confined to proof of purchases from the same thief from whom the alleged receiver got the goods laid in the indictment sub judice.

We consider our cases follow the view of the minority in People v. Marino, 271 N.Y. 317, 3 N.E.2d 439, 105 A.L.R. 1283. Piano v. State, 161 Ala. 88, 49 So. 803; Morris v. State, 17 Ala.App. 126, 82 So. 574; Leverett v. State, 18 Ala.App. 578, 93 So. 347; Glover v. State, 21 Ala.App. 423,

1. These guns came—feloniously—from the home of one Gatlin and were referred to at nisi prius as the "Gatlin guns."

109 So. 125; Little v. State, 24 Ala.App. 484, 136 So. 864; Davis v. State, 39 Ala. App. 515, 104 So.2d 762; Sledge v. State, 40 Ala.App. 671, 122 So.2d 165; Harris v. State, 41 Ala.App. 261, 130 So.2d 227; and Brown v. State, 48 Ala.App. 84, 261 So.2d 914. See also Gassenheimer v. State, 52 Ala. 313; Coplon v. State, 15 Ala.App. 331, 73 So. 225; McElroy, Evidence in Alabama (2d Ed.), § 70.23; Coleman v. People, 55 N.Y. 81; Copperman v. People, 56 N.Y. 591; and Weiss v. State, Fla., 124 So.2d 528.

Without question, the admission of this testimony was prejudicial, adding increments of unrelated guilt to the weighing pans of the scales of justice.

For this error the judgment below is due to be reversed and the cause remanded for venire de novo.

Reversed and remanded.

All the Judges concur.