LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of buying, receiving, concealing or aiding in concealing a *111 1975 Ford truck, knowing that it had been stolen or having reasonable grounds for believing that it had been stolen, and not having intent to restore it to the owner. Code of Alabama, Recomp. 1958, T. 14, Section 338. He was sentenced to six years imprisonment, within the limits prescribed by T. 14, Section 331.
Two witnesses, Anthony Pearsall and Virgil Johnson, who admitted that they had been engaged in the business of stealing automobiles, had been convicted thereof and were under sentence therefor by a United States District Court, testified positively that they conspired with defendant to steal the truck; they had another person to steal it, who did so and brought it to Virgil Johnson’s residence; Virgil showed the defendant the truck. According to Virgil Johnson, the understanding between him and defendant was that it would be accepted by defendant as final payment of a debt by Virgil to defendant, and in addition Virgil was to receive a 1973 truck. While the truck was at Virgil’s house for three or four days, he made changes in the truck; it was a red truck but was painted partly white by Virgil; the identification plate on the door was changed and the frame number was taken off; special wheels were put on the truck that came off a ’73 truck of defendant.
Defendant testified that he bought the truck from a man by the name of John Phillips, that a check for two thousand dollars was given to Phillips in payment and defendant received from Phillips a bill of sale to the truck. The cancelled check was introduced in evidence. Defendant denied that he knew the truck was stolen. He admitted that he knew about the alterations made on the truck.
According to the testimony of a Ford dealer in Albertville, the truck was stolen from his place of business on January 29, 1975.
According to the testimony of Dale Johnson, a special agent with the FBI, he located the truck at the residence of defendant on February 13, 1975. The changes mentioned above had been made at that time. Defendant showed Dale Johnson a bill of sale and a tag transfer record indicating that defendant had purchased the truck from one John Phillips. Efforts to locate John Phillips were unsuccessful.
Appellant questions the sufficiency of the evidence to support a conviction on the asserted ground that the evidence of Anthony Pearsall and Virgil Johnson was uncorroborated. We disagree.
The possibility of defendant’s guilt is not to be gainsaid, but there was substantial evidence, in addition to the testimony of accomplices, that he was guilty of larceny or its equivalent, buying or receiving stolen property knowing it to have been stolen. The reasonableness of defendant’s explanation concerning his possession was a question for the jury. Stanley v. State, 46 Ala.App. 542, 245 So.2d 827, cert. denied, 286 Ala. 738, 245 So.2d 828; Haynes v. State, 40 Ala.App. 106, 109 So.2d 738; Milligan v. State, 45 Ala.App. 112, 226 So.2d 172; Hoggle v. State, 36 Ala.App. 703, 63 So.2d 289.
We also disagree with appellant’s contention that the trial court was in error in admitting in evidence testimony of the receipt or purchase by defendant of another stolen motor vehicle. He concedes that evidence of his receipt of another stolen motor vehicle is admissible if the other vehicle was received “from the same thief,” but otherwise it is not. He relies upon Sledge v. State, 40 Ala.App. 671, 122 So.2d 165 (1960); and Stephens v. State, 53 Ala.App. 371, 300 So.2d 414 (1974).
In Sledge and in Stephens, it was held that in a prosecution for buying stolen property, a prior purchase by defendant of stolen property is not admissible in evidence unless the thief is the same in both transactions. The facts in those cases, however, are distinguishable from the facts in the case now before us. In Sledge, as to the evidence held inadmissible, the thieves who stole .were the thieves who sold such property to defendant. This is also true as to the property involved in the case before us. However, in Sledge, the one who stole and *112 sold property as to which the evidence was held to be inadmissible was not the person who stole and sold to defendant the property made the basis for the charge for which he was being tried; nor was there any participation by the thieves of the property as to which Sledge was being tried, in the theft of the property as to which the evidence was held inadmissible.
In Stephens, supra, the purchases by defendant in the ease being tried were from entirely different parties from those in which the evidence was held inadmissible. There was a common broker as to the two transactions, but there is nothing to indicate in the opinion that the common broker was particeps eriminis with either the thieves or with defendant.
If the testimony of defendant that he bought the 1975 Ford truck from John Phillips is accepted as true, we have a basis for the application of the principle stated in Sledge and Stephens, but the jury obviously did not accept the defendant’s testimony in this respect. According to the State’s evidence, Pearsall and Virgil Johnson engineered the theft of the 1975 Ford truck and they physically participated in the theft of the 1973 truck. As to the one they were accessories; as to the other they were principals; as to both they were thieves — the same thieves, along with another thief or other thieves, of both trucks.
Written charges 6 and 7 requested by defendant were refused. Charge 6 is as follows:
“Members of the Jury, if the evidence convinces you that Tony Pearsall is a man of bad character, and unworthy of belief, then you may disregard his evidence altogether.”
Charge 7 is identical to Charge 6 except for the substitution of “Virgil Butch Johnson” for “Tony Pearsall.”
Notwithstanding the contention of appel-lee to the contrary, we are persuaded that neither charge was covered in substance by the court’s oral charge. Nor was any other written charge given to the same effect.
Except for the difference in the name of the State’s witness, each of the charges in this case is a replica of the charge held good in Prater v. State, 107 Ala. 26, 18 So. 238. The charge has been recently considered by the Supreme Court and upheld as a correct statement of the law which should have been given. Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973). In Kennedy, a reversal was saved on the ground that it could not be shown that the error “was probably injurious.” The Supreme Court based its conclusion in this respect on the strong direct, as well as circumstantial, evidence, undenied by defendant, of defendant’s guilt of the charge of robbery. It concluded:
“. . . We feel that for the defendant to have been prejudiced by such error, the jury would have had to have disregarded every shred of the totally uncon-tradicted evidence presented by the State. Therefore, we hold the trial court’s refusal to give defendant’s requested charges 3, 4, 9 and 13 constituted harmless error and this case will not be reversed on their account.”
If we had such a case here, we, of course, would follow what the Supreme Court said there. We have held herein that the circumstantial evidence is sufficient to corroborate the testimony of defendant’s accomplices, but we cannot hold that it was so strong that defendant was not prejudiced by the court’s erroneous refusal to give the charges requested as to the two witnesses. Their character and background were such, according to the evidence, as to permit the jury, within reason, to reject their testimony, without which the jury could have, within reason, found that the evidence was insufficient to prove defendant’s guilt beyond a reasonable doubt.
For the error in refusing charges 6 and 7, the judgment must be reversed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby *113 adopted as that of the Court. The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.