188 So.2d 283

**Pride DAWSON**

v.

**STATE.**

8 Div. 990.

Court of Appeals of Alabama.

March 29, 1966.

Rehearing Denied May 10, 1966.

Robt. Straub, Decatur, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a conviction of burglary in the second degree.

About the first of June, 1963, a store belonging to Mr. R. M. Landers was broken into and certain articles were stolen, including boots of a type known as Wellingtons, or half-boots, bearing the stock number X-455. The boots were purchased from Modern Shoe Company of St. Louis. Mr. Landers testified that after the burglary, in company with the sheriff, he found a pair of size 9½ half-boots, with the same stock number, behind a stove at a place alleged to belong to defendant. The boots had been worn but were still new looking.

On cross-examination Mr. Landers testified the same shoe company sold boots of this type in Huntsville and in the Tri-Cities

area, and that all boots sold by this company would contain the same stock number. He further stated when he found the boots there was a drunk fellow there with his shoes off. He did not know the man's name. Mr. Dawson was not present and he did not know who owned the place nor who lived in the house. Mr. Landers testified the boots produced at the trial were not in the same condition as they were when he found them. The boots shown to the jury were not mates, they were two sizes, but he did not notice whether the ones found at the house were mates or not. The sheriff took the shoes with him when they were found.

Mr. Fretwell, the Sheriff of Lawrence County, testified he had been such for 18 years. He stated the boots presented in court were the ones he brought from what he termed Pride Dawson's place. Since they came into his possession they had been worn by an Orphan boy he was raising and they had been half-soled. He was told the place he found the boots was Pride Dawson's. There was a man in the room with no shoes on, but there was a pair of shoes near him and he appeared to be drunk.

On cross-examination the sheriff testified he did not know who owned the place nor who operated it nor who lived there. It was known as Pride Dawson's place but he did not see Dawson there the day he found the boots.

Clarence Harris, Chief of Police of Moulton testified he had been engaged in law enforcement for 23 years and had known the defendant 15 years. He stated he had been in defendant's dwelling house many times and that he lives West of Town Creek in Colbert County.

On cross-examination this witness testified he did not know whether defendant lived in the house known as Pride Dawson's place on or about June 1, 1963, or whether he lived there at any time between June 1, 1963, and January, 1964; that he did not know who owned the house or who lived

there. On redirect examination he testified that in the latter part of 1962 he heard defendant refer to the yard in front of the house where the boots were found as "my yard." He stated he did not know where Dawson lived.

Alma Ray Campbell Dawson testified that in June of 1963, Pride Dawson lived part of the time across the creek in Colbert County and part of the time in Russellville with her.

Dexter Haney testified he had been an investigator for the Department of Public Safety for five years; that he was formerly a patrolman stationed in Lawrence County; that he had seen Pride Dawson at a house across the creek near Wolf Springs in Colbert County; that he had the reputation of operating the place and during the period of time from June 1963, to January of 1964, Dawson had told him he lived there.

The place where the shoes were found was referred to once or twice as a honky tonk and beer joint, the inference being that it was a place frequented by the public

There was no evidence tending to connect defendant with the burglary and we are of opinion the evidence failed to show that the stolen goods were found in his possession. Bedsole v. State, 35 Ala. App. 567, 50 So.2d 457. We are also of opinion the boots found were not shown to have been the identical ones stolen at the time of the commission of the burglary. Nelson v. State, 29 Ala.App. 121, 192 So. 594.

For the failure of the court to grant the defendant's motion to exclude the evidence, the judgment is reversed and the cause is remanded.

Reversed and remanded.

JOHNSON, J., recuses self.