215 So.2d 596

Dewey Kenneth ODOM

v.

STATE.

5 Div. 714.

Court of Appeals of Alabama.

Oct. 8, 1968.

Rehearing Denied Nov. 5, 1968.

McKee & Maye, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from a conviction of grand larceny of an automobile under an indictment returned by the Grand Jury of Lee County, Alabama. After a jury trial, appellant was convicted and sentenced by the court to a term of three years in the penitentiary.

Mrs. Gladys Mangum testified for the State that on August 15, 1967, she drove her automobile to her place of employment, a dry cleaning establishment; that she parked her car directly in front of the establishment so that she was able to see it by looking out of the front window; that she left her keys in the car; and that at about 1:45 P.M. she first noticed the car was missing, whereupon she called the police and reported the car as being stolen.

Officer Richard Murphy testified that at about 2:10 P.M. on the date in question, he observed a car parked in a driveway with the rear end extending about "three yards" into the street and that upon investigation he found the appellant in the car "leaning over the steering wheel." He also testified that, having prior to this time received a report on the stolen car, he arrested appellant. The car was that of Mrs. Mangum.

On cross-examination, Murphy testified that appellant, when he found him in the car, was unconscious and that he smelled the odor of alcoholic beverages. The defense offered no testimony.

The trial court in charging the jury stated in part as follows and appellant duly excepted thereto:

"Now, there is no positive testimony in this case. No eye witness, so to speak, that saw the defendant take this automobile. Of course, it was found in his possession by the police. The Court charges you that when property is stolen and then found in the recent possession of a person, the presumption is that he stole it unless he gave a reasonable and satisfactory explanation of how he came

in possession of it and that he came in possession honestly."

In Underwood v. States, 72 Ala. 220, the Supreme Court of Alabama stated in part:

"The recent, actual, unexplained possession of stolen goods, is a fact from which the jury may infer the complicity of the defendant in the larceny. Whether it is sufficient evidence of guilt, is a question for their determination. There may be cases in which it would stand alone, unconnected with any other criminating fact, and from it the jury would not probably infer guilt. Whether the inference is just and reasonable—whether the fact satisfies the minds of the jury as reasonable men, beyond all reasonable doubt, of the guilt of the accused—the court can not determine."

And in the later case of Orr v. State, 107 Ala. 35, 18 So. 142, the Supreme Court of Alabama reiterated by saying in part:

"We are aware in some courts it is held that the unexplained possession of property recently stolen, as matter of law, raises a presumption of guilt from the circumstance, but our opinion is the best-considered cases, and it is the safest rule to leave it with the jury to say whether the unexplained possession of goods recently stolen satisfies them beyond a reasonable doubt of the guilt of the defendant."

Finally, in Coats v. State, 257 Ala. 406, 60 So.2d 261, the Supreme Court of Alabama stated:

"It seems that care has not been taken in all the cases to differentiate a presumption of guilt arising from that situation and an inference which the jury is justified in drawing on account of it."

Thus, we conclude from the above cited cases that the court erred in instructing the jury that a "presumption" arises as to appellant's guilt when, in fact, the instruction should have left it to the jury to determine whether there was sufficient evidence from which to infer guilt due to the unexplained possession of recently stolen property.

Therefore, the judgment in this cause must be reversed and the cause remanded.

Reversed and remanded.