226 So.2d 172

Leonard Wayne MILLIGAN

v.

STATE.

I Div. 432.

Court of Appeals of Alabama.
Aug. 19, 1969.

C. Wayne Loudermilch and Charles R. Butler, Jr., Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charged defendant with buying, receiving, concealing, etc., various tools, the personal property of Faulkner Concrete Pipe Company, a Corporation, in violation of Section 338, Title 14, Code of Alabama 1940. Defendant was convicted and sentenced to two years in prison.

The indictment described the stolen property as "one Cincinnati Tool Company five-eights capacity portable hand drill * * *, one Cincinnati Tool Company five-eights capacity drill for bench drill * * *, one Cincinnati Tool Company six inch capacity double end bench grinder * * *, one T8 Thor Electric saw * * *, one Smithway cutting torch with tip * * *, one acetylene regulator * * * and one oxygen regulator * * *, one set of fifty feet twin hose for oxygen and acetylene * * *, and fifteen assorted drill bits * * *."

One Edwards, an employee of Faulkner Concrete Pipe Company, testified that he noticed a "number of tools" at the plant on Saturday before Labor Day, 1968, but when he returned to work on Tuesday after Labor Day they were missing. He was called to the Satsuma Police Station and saw "the tools that I work with in the shop." He described these articles and stated their value.

The State's next witness, Crawford E. Taunton, testified that defendant, who was his son-in-law, asked him to take him to defendant's brother's service station, saying he had "some stuff he wanted to go up there." On their way to defendant's brother's, Taunton was stopped in Satsuma by a police officer to check the tag on Taunton's car. At the request of the officer, Taunton opened the trunk of his car and Taunton saw "a power saw and welding torch and hose and the torch and some drills" that didn't belong to him. The defendant then got out of the car and told the officer "it was his stuff." The officer instructed Taunton and the defendant to follow him in Taunton's car. While Taun-

ton was following the officer, defendant jumped out of the car and ran. Taunton went to the Satsuma jail that night and when he got out of jail at 10:00 O'Clock the next morning the tools were not in his trunk.

Robert M. Glassen testified that in September, 1968, he was with the Satsuma auxiliary police. He stopped Taunton's car for a tag check. He was looking for a car of the same description for transporting illegal whiskey, and noticed the car was sitting low in the back. He asked Taunton to open the trunk and when he did he observed "a cutting torch, some hose, acetylene and oxygen hoses, gages, drill motors, a bench grinder and a skill saw, and some various other tools." The officer placed Taunton under arrest for improper tag and instructed him to follow him to the police station. On the way to the station Taunton pulled alongside Glassen and told him the defendant had jumped out of the car and ran. Glassen hunted for defendant and did not accompany Taunton to the police station. When he returned to the station the next morning Taunton had been released.

At this point the State rested its case and defense counsel moved to exclude the State's evidence on the ground, among others, that the State had failed to make a prima facie case of receiving and concealing stolen property. The court denied the motion.

The defendant testified he rode with Taunton to go to his brother's house and the Satsuma police stopped them. The first time he had seen the tools in the trunk was when he looked in there in the presence of Taunton and Officer Glassen. He told the officer the tools were his after he had overheard Taunton tell him they belonged to defendant. He did this just to be "going along" with Taunton.

■ Assuming, without deciding, that the description Edwards gave to the tools he saw at the police station fit the description of the tools listed in the indictment, the evidence still fails to show they were the same tools the officer saw in Taunton's trunk or that the tools in Taunton's trunk sufficiently fit the description of the articles set out in the indictment. The defendant was entitled to have his motion to exclude given, or failing that, to have the general affirmative charge given to the jury. Dawson v. State, 43 Ala.App. 254, 188 So.2d 283; Daw v. State, 42 Ala. App. 642, 176 So.2d 49; Nelson v. State, 29 Ala.App. 121, 192 So. 594.

The trial court charged the jury as follows:

"The law says that the possession of recently stolen property places upon a defendant the burden of explaining his possession."

Defense counsel reserved an exception to this portion of the charge, and the trial court further charged the jury as follows:

"Alright. The defendant doesn't have to prove beyond a reasonable doubt that he didn't steal the property, or he didn't know it was stolen. If you believe that he had in his possession property that had recently been stolen from Faulkner Concrete Pipe Company, the law places upon him the burden of explaining his possession. If he fails to make a reasonable explanation, then the presumption will arise that will support a conviction. On the other hand, if he makes a reasonable explanation, then there is no such presumption. You do not have to conclude that he stole it, or that he knew it was stolen."

■ The possession of property recently stolen does not raise a presumption or inference, as a matter of law, of the guilt of the possessor, but the presumption arising from such possession is a matter of fact to be passed upon by the jury.

Underwood v. State, 72 Ala. 220; Orr v. State, 107 Ala. 35, 18 So. 142; Odom v.

State, 44 Ala.App. 534, 215 So.2d 596; Haynes v. State, 45 Ala.App. 31, 222 So.2d 183; Graham v. State, 44 Ala.App. 554, 216 So.2d 298; Coats v. State, 257 Ala. 406, 60 So.2d 261.

 The failure of counsel to except to the extended oral instruction of the court was not a waiver of the original exception. Davis v. State, 40 Ala.App. 118, 112 So.2d 353.

For the errors pointed out hereinabove, the judgment is reversed and the cause remanded.

Reversed and remanded.