243 So.2d 766

**Grover KING, Alias**

**v.**

**STATE.**

**1 Div. 8.**

Court of Criminal Appeals of Alabama.

Jan. 26, 1971.

**494**

Ralph G. Holberg, III, Asst. Dist. Defender of the Mobile District Defender Agency, Inc., Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

CATES, Judge.

Buying, receiving, etc., stolen goods: sentence, five years.

Only two points are raised on this appeal: first, as to whether the grand larceny equivalent value was proved; and, second, whether an erroneous ex mero motu charge not excepted to can be taken up on appeal.

I

The offense denounced by Code 1940, T. 14, § 338, and its punishment are covered by said section as follows:

"Any person who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, or having reasonable grounds for believing that it has been stolen, and not having the intent to restore it to the owner, shall, on conviction, be punished as if he had stolen it; and such offender may be tried and convicted, although the person who stole the property has not been tried and convicted."

The grand larceny statute, T. 14, § 331, as amended, provides that a value of $5.00 or more is grand larceny when the taking is from or in—among other places not here pertinent—any dwelling house. Stealing of instant concern was from the home of one Lionel Hackett.

Hackett was at sea when the trial took place. Hence, the State lacked his testimony to prove value. See McElroy, Evidence (2d ed.), § 128.11. Instead the District Attorney sent across the street for a radio shop owner.

The appellant's brief argues the point thus:

"The value of the stolen property, a Phillips Am/Fm Deluxe Transatlantic

Radio, was sought to be established through the testimony of an expert (R. 28–30). The assistant district attorney first attempted to establish the witness' qualification as an expert in the market value of radios, generally. When the witness' attention was called to the particular radio in question, the following testimony followed:

" 'THE COURT: Do you have an opinion as to value?

" 'A. If I knew one item I would. Are you asking for the value of it when it was new?

" 'THE COURT: Well look at it now, as to the value of it now.

" 'A. Well its a very difficult thing to determine for one reason that as a used product naturally it depreciates considerably and in cases where radios of this nature are sold, inasmuch as I'm not in the used market, I couldn't completely determine what the value would be, but places like pawnshops, places like that would be in a better position to determine the value of it as it stands here today. I can tell you the approximate price of it when it was new.

" 'THE COURT: Well he's not asking you that. Do you have an opinion as to the value of it now? Fair market value of that radio as of now?

" 'A. I would say in the category—

" 'THE COURT: Well just answer the question whether you have or not. Do you have an opinion?

" 'A. I have an opinion, yes sir.

" 'Q. All right, would you state that, please sir.

" 'MR. HARPER: I object to that, Your Honor. No proper predicate has been laid. We don't know whether the radio's got any inner workings in it, we don't know how old it is, we don't know what condition it's in and I don't think he's laid the proper predicate to state the value of that particular radio.

" 'THE COURT: Overrule the objection. Answer his question.

" 'A. About $125.00.' (R. 28–29)

"On cross-examination the witness admitted he could not tell how old the radio was by looking at it, and that its value depended on its operating condition, which condition was unknown to him (R. 29–30). He was asked to turn on the radio.

" 'Q. Could you turn it on for us, Mr. Kretzer?

" 'A. If I can see where I can find the right button. Are the batteries out?

" 'THE COURT: Somebody said the batteries are out. Can you tell whether they're out or not? I think this other witness testified the battery is out.

" 'A. Yes, the batteries are out.' (R. 30)

"The witness' opinion that the radio's value was $125.00 was not admitted into evidence in answer to a hypothetical question. Neither is it shown from the record, as the foregoing excerpts bear out, that the witness had an opportunity to examine the item as a basis for the formation of an opinion of its value. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633 (1927); McElroy's Law of Evidence in Alabama, 2d Ed., vol. 1, sec. 130, p. 325; Title 7, section 367, Code of Alabama, 1940, as amended. The witness' 'opinion' was nothing more than his guess. Such testi-

mony ought not to suffice in a criminal case to establish an essential element of the case against the defendant.

"Since the testimony as to value was incompetent, the State failed to establish an essential and material element of the offense charged in the indictment. Because the State thus failed in its proof as to said element, the lower court erred in denying defendant's motion to exclude the State's evidence. (R. 39)."

 Since the radio was in court and the jury as well as the witness observed it, and since the State only needed to prove a market value of $5.00, we consider that the evidence was sufficient for this purpose. Code 1940, T. 7, § 367 reads:

"Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

## II

King, in brief, argues:

"The Court of Appeals, in Odom v. State, 44 Ala.App. 534, 215 So.2d 596 (October 8, 1968), acknowledged that as late as the case of Coats v. State, 257 Ala. 406, 60 So.2d 261, the Supreme Court of Alabama stated that care has not always been taken to differentiate between a presumption of guilt and an inference. In Odom, the Court of Appeals concluded, on the basis of the Coats decision and others, that the trial court erred in instructing the jury that a presumption of guilt arises in a situation where the State has shown that defendant is in possession of recently stolen property, and that the instructions should have left it to the jury to determine whether there was sufficient evidence from which to infer guilt. Subsequent decisions of this court similarly hold. Graham v. State, 44 Ala.

App. 554, 216 So.2d 298 (October 15, 1968) cert. den. 283 Ala. 714, 216 So.2d 302 (1968); Williams v. State, 45 Ala. App. 135, 226 So.2d 679 (September 9, 1969); Haynes v. State, 45 Ala.App. 31, 222 So.2d 183 (April 22, 1969). Thus it was reversible error for the lower court to have orally charged the jury as follows:—

" 'The Court further charges you, ladies and gentlemen, that defendant is charged with receiving these stolen goods which is under this section who had recent possession of stolen property has the burden of explaining his possession. If he fails to make a reasonable explanation, a presumption of guilt would arise which would support a conviction. Recent possession of stolen property by the accused places upon him the burden of explaining this possession. If he fails to make a reasonable explanation then a presumption of guilt arises which will support a conviction. Now gentlemen, you understand this provision what it says. It says any person who buys, receives, conceals, or aids in concealing any personal property whatsoever, knowing the property to be stolen or having reasonable grounds for believing it has been stolen, if he has possession of it, the burden is on him to explain that possession, a reasonable explanation. If he doesn't have a reasonable explanation of possession, then that's sufficient evidence to go to the jury and would authorize a conviction in this case * * *' (R. 45–46)

"Trial in this case was held September 16, 1968 at which time the state of the law with reference to the distinction between a presumption of guilt and an inference to be drawn from the evidence was not settled as clearly as it now is by virtue of the holdings of this court in Odom, Graham, Williams and Haynes, supra, all subsequently decided. We respectfully urge that appellant's failure to except to the trial court's reversibly erroneous oral charge should not constitute a waiver chargeable to appellant."

We do not consider that Odom v. State, 44 Ala.App. 534, 215 So.2d 596, announced a novel principle. Moreover, without exception taken before the jury retired, the trial judge is not to be reversed. After all he has been given no opportunity to correct his error.

We have reviewed the entire record under Code 1940, T. 15, § 389 and consider the judgment below is due to be

Affirmed.