BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for the robbery of one William J. Holland. Appellant was convicted as charged, and his punishment fixed at thirty years imprisonment. The trial judge entered judgment in accordance with the jury’s verdict. The appellant, who is indigent, is represented here by appointed and competent counsel.
The State’s evidence established that around 10:45 p. m., on January 17, 1975, the appellant entered the Pak-A-Sak store located on High Street in Montgomery County. Present at that time were William J. Holland, the sales clerk, and Jean Thaxton, a regular customer of the store, and both were positioned near the check-out counter when the appellant entered. The appellant walked up to the counter and pulled a gun from a sack which he was carrying, and instructed Mr. Holland and Miss Thaxton, “Don’t move.” The appellant demanded that Mr. Holland give him all the money in the cash register, which amounted to “a little over seventy dollars.”
After the appellant had left the Pak-A-Sak store, Mr. Holland called the police who apprehended the appellant about an hour later. At a police line-up conducted shortly after the appellant’s arrest and during the appellant’s trial, both Mr. Holland and Miss Thaxton positively identified the appellant as the perpetrator of the crime.
I
Upon completion of the State’s case, the appellant, apparently to the surprise of the Assistant District Attorney, presented no defense. The Assistant District Attorney, realizing that he had failed to introduce into evidence the weapon allegedly used, and the money allegedly taken during the *752 robbery, requested the trial court to re-open the State’s case so that he could do so. The appellant objected to the State’s motion, and argument on this matter was heard from both sides by the trial court outside the presence and hearing of the jury.
Within its discretion, Scott v. State, 246 Ala. 545, 21 So.2d 703; Turner Lee Rodgers v. State, Ala.Cr.App., 332 So.2d 739, cert. denied Ala., 332 So.2d 746, the trial court ruled that the State could attempt to introduce a .22 caliber pistol allegedly used by the appellant during the robbery, but prohibited any attempt to introduce the money allegedly taken since it “could not be identified under the representations made to the court.” See Dennison v. State, 259 Ala. 424, 66 So.2d 552; Lackey v. State, 54 Ala.App. 693, 312 So.2d 96; Dawson v. State, 43 Ala.App. 254,188 So.2d 283, cert. denied 279 Ala. 686, 188 So.2d 285; 22A C.J.S. Criminal Law § 709.
However, during the appellant’s closing argument the following occurred (R. pp. 64-65):
“MR. MEMORY: The State has rambled and scrambled and done everything in their power — let me give you a little example of this. Remember the young man, Bill, who testified about the money in possession of the police? Have you seen that money here today?
“Asst. D. A.: Now, if you want to argue that, I will sure give you the money, if you would like to see it.
“(District Attorney throws a brown paper sack and contents along the top of counsel table).
“MR. MEMORY: Your Honor, I would object and move for a mistrial on the action of the State and that prejudicial information that that would unquestionably create.
“THE COURT: Denied.
“Asst. D. A.: Your Honor, I attempted to take this up outside the presence of the jury and now he wants to argue the absence of the money.
“MR. MEMORY: And would cite counsel for misconduct in this case.
“THE COURT: Motion denied. You may proceed.
“(Whereupon, argument to the jury was concluded by Defense Counsel. During closing summation by State Counsel the following occurred):
“Asst. D. A.: Now, ladies and gentlemen, I will admit to you that probably the weakest part of this robbery case you have seen is the State’s Representative. And I admit to you now, he wanted to talk about the money. It is my fault it is not in there in the jury room with you, and the other evidence. But, ladies and gentlemen, it is not absolutely essential. I wish I had done it. I am sorry I have not.
“MR. MEMORY: Your Honor, I am going to object to this. If you are going to sustain his objection, I can’t imagine you considering a double standard here. And I would move to exclude his statements about this evidence that is obviously not in and not been proved.
“Asst. D. A.: Your Honor, the overruling of the motion did not erase the question from the mind of the jury.
“MR. MEMORY: Your Honor, I would cite him for misconduct on that statement before the jury.
“Asst. D. A.: The Judge will cite me if there is any misconduct.
“THE COURT: Let us have the closing arguments confined to the evidence and reasonable interpretations that may be drawn from it.”
A district attorney, as an officer of the court, has a “duty to hold himself under proper restraint and avoid violent partisanship, partiality, and misconduct which may tend to deprive the defendant of the fair trial to which he is entitled, and it is as much his duty to refrain from improper methods calculated to bring about a wrongful conviction as it is to use every legitimate means to bring about a just one.” 63 Am.Jur.2d, Prosecuting Attorneys, Section 27 (1972).
In Simon v. State, 181 Ala. 90, 61 So. 801, our Supreme Court, through Mr. Justice DeGraffenried, observed:
*753 “. . . The law — human and divine— is, however, the salt that has saved humanity from barbarism; and courts and officers of courts in their efforts to enforce the law, even in extreme cases, should, if possible, so guard their utterances [and actions] that they may be sure that they themselves do not impinge the law which they are seeking to enforce.”
A defendant’s absolute and fundamental right to a fair trial is in no degree diminished by the strength or compelling nature of the evidence against him. The Assistant District Attorney’s emotional outburst by throwing the money bag and money before the jury was totally in violation of the rules of evidence and in face of the ruling of the trial court on this very matter. Such conduct is a matter that should not and will not be condoned by the appellate courts of this State. The prejudice generated by the Assistant District Attorney’s actions was of an ineradicable nature, and necessitates a reversal of this case. Watts v. Espy, 211 Ala. 502, 101 So. 106; Stain v. State, 273 Ala. 262, 138 So.2d 703; Renfroe v. State, 49 Ala.App. 713, 275 So.2d 692; James v. State, Ala.App., 337 So.2d 1332.
For the error noted, the judgment is reversed and the cause remanded.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
TYSON, P. J., and CATES, HARRIS and DeCARLO, JJ., concur.
BOOKOUT, J., concurs in result.