Donald Berry was indicted by the grand jury for buying, receiving, or concealing stolen property contrary to § 13-3-55 Code of Alabama 1975. At trial, the jury found the appellant "guilty as charged." The trial court sentenced him to ten years' imprisonment. From that conviction he now appeals.
Taken in its light most favorable to the state, the evidence revealed that after several previous contacts with appellant and two others on September 4, 1979, two undercover agents with the Bureau of Alcohol, Tobacco, and Firearms of the U.S. Department of Treasury purchased several pieces of office equipment and several heavy duty batteries and drums of diesel oil. The agents were working in connection with the Mobile District Attorney's Office and the Alabama Bureau of Investigation. While appellant was not present at the culmination of the sale, he was present during most of the negotiations leading up to the sale.
The appellant had initially displayed most of the equipment to one of the agents at a prior meeting on July 31, 1979. At another meeting at appellant's house on August 2, 1979, appellant exhibited another piece of equipment. All of the merchandise was identified as having been stolen from a Mobile business and office supply company on July 31, 1979.
The appellant raises no issue on appeal as to the sufficiency of the state's evidence. *Page 550 
 I
The appellant contends that the trial court erred to reversal in overruling his objections to the district attorney's questions during cross-examination where the state attempted to impeach his character by introducing evidence of a prior felony conviction. R. 88.
In both instances, appellant's objections came after he had answered the question. There was no motion to exclude the answer. Thus, the objection came too late. Tuck v. State,384 So.2d 1240 (Ala.Cr.App. 1980); Williams v. State, 383 So.2d 547
(Ala.Cr.App. 1979), affirmed 383 So.2d 564 (Ala. 1980) and cases cited therein. Further such question concerning a prior felony conviction was proper.
 II
Appellant argues that the trial judge erred in asking him what felony he had been convicted of. Appellant objected stating: "I object to the Court asking him." No other ground of objection was offered. From the record, R. 94-95:
"Q. Did you ever do anything to them?
"A. No, sir.
 "Q. Is there any reason why they would make up such a horrible lie about you?
"A. I do not know.
"Q. Did you ever sell or trade guns, sir?
"A. No, sir.
"Q. Never?
"A. Never.
"Q. You have never been convicted of it?
"A. I was convicted of it in the Federal Court.
"MR. QUINLIVAN: Your Honor, same objection as before.
 "THE COURT: He's stated that he's been convicted of a felony. Now, you can ask him what felony he has been convicted of. What felony were you convicted of?
"MR. QUINLIVAN: I object to the Court asking him.
"THE COURT: Overruled.
"THE WITNESS: Dealing in firearms without a license.
 "BY MR. SUTLEY: Q. And you still contend to this jury that you never sold or traded guns to anybody?
"A. No, sir.
"Q. But you were convicted of it?
"A. Yes, sir."
After answering, appellant did not move to exclude it, to have the jury instructed to disregard it, or for a mistrial.
Specific grounds for an objection waive all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial. Delarosa v. State, 384 So.2d 876
(Ala.Cr.App.), cert. denied, 384 So.2d 880 (Ala. 1980);Williams v. State, 377 So.2d 634, (Ala.Cr.App.), cert. denied,377 So.2d 639 (Ala. 1979); 6B Alabama Digest Criminal Law 1043 (1).
As stated by this court in Sprinkle v. State, 368 So.2d 554,562 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 565 (Ala. 1979):
 "The trial judge is more than a mere moderator and it is his duty to conduct an orderly trial and to make certain as far as possible that there is no misunderstanding of the testimony of witnesses. Thus he may ask any question which would be proper for the prosecutor or defense counsel to ask so long as he does not depart from a standard of fairness and impartiality." (Citations omitted).
We find no error in the trial court asking appellant the above question.
 III
Lastly, appellant contends that the trial court erred in charging the jury that the possession of recently stolen property did not raise a presumption as a matter of law as to the possessor's guilt, but rather raised a presumption as a matter of fact to be considered by it. He asserts that it raises only an inference of guilt.
We find no error in the trial court's charge. Buckles v.State, 291 Ala. 359, 280 So.2d 823 (1973); Wilson v. State,361 So.2d 1167 (Ala.Cr.App. 1978); Milligan v. State, *Page 551 45 Ala. App. 112, 226 So.2d 172 (1969) and cases cited therein; see also Stamps v. State, 380 So.2d 406 (Ala.Cr.App. 1980);Waters v. State, 360 So.2d 358, (Ala.Cr.App.), cert. denied,360 So.2d 367 (Ala. 1978).
We have carefully examined the record and find same to be free of error. The judgment is therefore affirmed.
AFFIRMED.
All the Judges concur.