Phillip Dwight Hardy was indicted for assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." Following a habitual felony offender hearing, the trial judge sentenced the appellant to 22 years in the penitentiary.
Since the facts of this case are not pertinent to our discussion of the two issues raised by the appellant on appeal, we pretermit a recitation of such facts.
 I
The appellant contends the prosecutor expressed his opinion as to the appellant's guilt during his closing argument and, therefore, invaded the province of the jury.
The pertinent portion of the record is quoted below: (R. 124).
 "MR. TUCKER: Mr. Armstrong says it's a real serious charge and it is. It could have been worse. Luckily for him, and more luckily for Willie Perkins, Willie didn't die. It would have been a murder then. He could also have been charged with attempted murder which is even more serious than assault in the first degree.
 "We charged him with what we thought the evidence fit. And that is assault in the first degree, because he did cause serious physical injury.
 "MR. ARMSTRONG: Object and move to exclude what he has been charged with, and ask the Court to instruct the jury to disregard.
"THE COURT: Overruled."
We do not believe the above-quoted statement by the prosecutor was an expression of his opinion as to the appellant's guilt. The prosecutor was merely explaining to the jury the reason this appellant was charged with this particular offense. His comment was an explanation of the nature of the evidence against this appellant. It was not the prosecutor's opinion on material fact. See Johnson v. State, 272 Ala. 633,133 So.2d 53 (1961); Milton v. State, 417 So.2d 620
(Ala.Crim.App. 1982).
Therefore, we do not find the trial judge erred to reversal by overruling defense counsel's objection to this remark.
 II
During the State's closing argument, the following remark was also made:
 "I appreciate the time you have given us. I appreciate the attention you have shown us. I have nothing else really to argue about. I have told you I wouldn't be long. The evidence is clear. The case has been short as far as the witnesses. We would ask that you convict him of the charge with which he is charged." (R. 126).
The appellant claims the above-quoted portion of the record constituted an improper comment by the District Attorney on the appellant's failure to testify. We find no merit to this contention. There were only three witnesses at this trial. Obviously, the State was referring to the brevity of the trial and the witnesses' testimony, not to the appellant's failure to testify or present any evidence. See Earley v. State,358 So.2d 494 (Ala.Crim.App. 1978), cert. denied, Earley v. State,358 So.2d 501 (Ala. 1978); Carden v. State, 382 So.2d 1158
(Ala.Crim.App. 1980), cert. denied, 382 So.2d 1162 (Ala. 1980).
Further, as the State points out in its brief, to constitute an improper comment on the accused's failure to testify, the prosecutor must make a direct reference to the accused's failure to take the witness stand. Ex Parte Yarber,375 So.2d 1231 (Ala. 1979) and cases herein cited. There was no such reference by the State in this case.
Therefore, for the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1018