The appellant, Jerry Wayne Clements, was convicted of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975, and was sentenced as a habitual offender to life imprisonment. Four issues are raised on appeal.
The evidence presented by the State tended to establish that on the afternoon of June 24, 1986, the Citco Service Station on Bell Street in Montgomery was robbed by a lone gunman. That afternoon, Mary Jordan and Rebecca Calvin, employees of the service station, were on duty. Mary Jordan was stocking the coolers when a man, later identified as the appellant, entered the station. As Ms. Jordan was coming out of the stockroom, the appellant approached her and asked where the bathroom was located. He entered the restroom and remained there for 5-10 minutes. When appellant left the restroom, he walked up to the counter and asked the two women if they had beer in bottles. Ms. Jordan went to look for the beer. Ms. Calvin stayed behind the counter tending the cash register. While Ms. Jordan was in the cooler looking for the beer, appellant pulled out a pistol and demanded money. Ms. Jordan gave him approximately $400 and he left the service station. Ms. Calvin called for Ms. Jordan to come, and when she got back to the counter, Ms. Calvin told her they had been robbed. Both women described the robber as being a white male, about 30 years old, 5'7" to 6' tall, weighing approximately 150 pounds, and wearing his collar-length brown hair parted on the right side. They said he had a slight mustache and was wearing a short-sleeve blue pullover shirt and blue jeans. While looking at books of police mugshots, both women initially identified someone other than the appellant as looking "kind of like" the robber, but later both of them picked the appellant out of a photographic display and positively identified him as the man who robbed the service station on June 24.
Prior to appellant's trial, a suppression hearing was held concerning the aforementioned photographic lineup. Both Ms. Jordan and Ms. Calvin testified that after the robbery they went through police mugbooks until they found a picture that looked like the robber. They also assisted officers in making a composite drawing of the robber. Later, each was shown a photographic display of 5 or 6 pictures. The pictures all looked different. They were not told the suspect was in the group and no one suggested to them which picture to select. Both women testified that if they were asked to identify the person who committed the robbery, it would be based on what they saw at the time of the robbery, because, they said, they would never forget his face. Based on this testimony, the trial court denied appellant's motion to suppress.
Following appellant's trial, a hearing was held on his motion for a new trial. Appellant, his mother, brother, sister, and a friend all testified that he could not have committed the robbery that day because on June 24, 1986, appellant was 178 miles away from Montgomery in Steele, Alabama.[1] Appellant testified that he could not remember where he was on June 24 until after his trial because he had been *Page 1380 
drinking a lot and it had affected his memory. The others testified that the reason they did not testify at trial was that they had no knowledge of appellant's trial until after it was over and he had been convicted. However, appellant's mother, as well as his friend, admitted that they knew of his arrest prior to trial. This motion was also denied by the trial court.
 I
Appellant first contends that the prosecutor improperly commented on his exercise of his right not to testify in the presence of the jury. The complained-of conduct occurred during the cross-examination of Ms. Calvin, and took place as follows:
 "Q Mrs. Calvin, did you notice the tattoos on either hand of the individual that robbed you?
"A No.
 "Q Did you notice a tattoo above the thumb of the individual that robbed you?
"A No, I did not.
"MR. PIERSON: Roll up your sleeve for them.
 "MR. MADDOX: Judge, I am going to have to object to this. This is testimonial in nature.
"THE COURT: Overruled.
"MR. MADDOX: All right, sir.
 "(Whereupon, the Defendant complied with the request of counsel.)
 "MR. MADDOX: I object to Mr. Pierson's reference to noticing of things when they are facts not in evidence.
 "THE COURT: Well, you would be entitled to show — Are there any tattoos there where you pointed at . . .
"MR. PIERSON: Did you notice any tattoos . . .
 "THE COURT: Wait a minute, now. You asked about his hand. I don't see any tattoos on his hand. All right. I see what you are talking about.
"BY MR. PIERSON: (Continuing.)
"Q Did you notice any tattoos on his forearm?
"A No.
 "MR. PIERSON: I would like to display the marks to the jury.
"THE COURT: All right.
 "MR. PIERSON: Just stand there and show the marks to the Jury."
At the conclusion of Ms. Calvin's testimony, the State rested its case. Thereafter, defense counsel requested a mistrial based on the prosecutor's comment, which he maintained was a remark concerning appellant's failure to testify. No ruling was made on this motion. Absent an adverse ruling, there is nothing presented for our review. Livingston v. State, 419 So.2d 270,273 (Ala.Cr.App. 1982). Moreover, the trial court complied with appellant's request that the court include in its oral charge the admonition that the jury could not take into consideration the fact that the appellant did not testify.
We further find that the prosecutor's remark did not constitute an improper comment on the appellant's failure to testify. To constitute an improper comment on an accused's failure to testify, the prosecutor must make a direct reference to the accused's failure to take the witness stand. Hardy v.State, 462 So.2d 1016, 1017 (Ala.Cr.App. 1985). Such was not the case here. The remark by the prosecutor simply constituted the particular grounds for his objection, since an objection raised at trial must be made with sufficient particularity so that the trial court can make an informed decision. Lewis v.State, 488 So.2d 1362, 1365 (Ala.Cr.App. 1986). Thus, appellant's allegation is without merit.
 II
Appellant next contends that, while in the presence of the jury, the judge expressed his opinion on a factual issue vital to the defense of the case. The complained-of remark occurred during the exchange quoted in the previous issue. After the trial judge overruled the prosecutor's objection to appellant's displaying his tattoos to the witness, and defense counsel began to question the witness about such matters, the judge observed: "Wait a minute now. You asked about his hand. I don't see any tattoos on his hand. All *Page 1381 
right. I see what you're talking about." Defense counsel made no objection to the judge's comment and went on to complete his cross-examination of the witness. Therefore, this alleged error, like the last one, has not been preserved for appellate review. Fuller v. State, 472 So.2d 452, 454 (Ala.Cr.App. 1985).
Moreover, as we have previously stated, a trial judge's casual remark concerning testimony, which is addressed to counsel and not the jury, does not constitute a prejudicial comment on the evidence. Carpenter v. State, 400 So.2d 417, 424
(Ala.Cr.App.), cert. denied, 400 So.2d 427 (Ala. 1981);Copeland v. State, 377 So.2d 1, 2 (Ala.Cr.App. 1979). The trial judge is more than a mere moderator, and it is his duty to conduct an orderly and fair trial, and to make certain as far as possible that there is no misunderstanding of the testimony of witnesses. Berry v. State, 408 So.2d 548, 550 (Ala.Cr.App. 1981), cert. denied, 408 So.2d 551 (Ala.), cert. denied,456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982).
Here, the trial judge was doing nothing more than ruling on the prosecutor's objection and, at the same time, making sure that the question being asked of the witness had a correct basis in fact, i.e., that the tattoos actually existed. Thus, the trial judge's comment did not constitute error.
 III
Appellant also contends that the trial court erred in denying his motion for a new trial based on newly discovered alibi evidence.
 "The granting or denial of a new trial on the ground of newly discovered evidence is a decision resting largely within the sound discretion of the trial court and the decision will not be reversed on appeal unless it is clearly shown that the trial judge abused his discretion. Snider v. State, 473 So.2d 579, 580 (Ala.Cr.App. 1985); Perry v. State, 455 So.2d 999, 1003 (Ala.Cr.App. 1984). Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980). In order to establish the right to a new trial on the grounds of newly discovered evidence, appellant must show that the evidence has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, that it is not merely cumulative or impeaching, and that the evidence is such that it will probably change the result if a new trial is granted. Baker v. State, 477 So.2d 496, 504 (Ala.Cr.App. 1985), cert. denied, 475 U.S. 1029, 106 S.Ct. 1231, 89 L.Ed.2d 340 (1986); Willis v. State, 447 So.2d 199, 202
(Ala.Cr.App. 1983); Bland v. State, 390 So.2d 1098
(Ala.Cr.App.), cert. denied, 390 So.2d 1109 (Ala. 1980), cert. denied, 451 U.S. 991, 101 S.Ct. 2332, 68 L.Ed.2d 851 (1981)."
Griffin v. State, 500 So.2d 83, 91 (Ala.Cr.App. 1986).
Appellant's newly discovered evidence consisted of testimony by three family members and a friend that on the date of the robbery appellant was in Steele, Alabama, a long way from Montgomery. The appellant testified that, due to a drinking problem, he had not previously remembered being in Steele. On cross-examination, however, appellant's mother and his friend both admitted that they knew of his arrest prior to trial, yet had not mentioned to anyone that appellant was in Steele on the date of the robbery. Moreover, appellant himself admitted that he could have determined from his work records when he was in Steele, but failed to do so. Thus, appellant has failed to show that the alleged newly discovered evidence could not have been discovered earlier with the exercise of due diligence, nor has he shown that the evidence would probably change the result if a new trial was granted.
A decision on a motion for a new trial rests largely within the discretion of the trial court, and in reviewing such a decision this court will indulge every presumption in favor of the correctness thereof. Baker v. State, 477 So.2d 496, 504
(Ala.Cr.App. 1985), cert. denied, 475 U.S. 1029,106 S.Ct. 1231, 89 L.Ed.2d 340 (1986). Moreover, the trial court is in the best position to determine *Page 1382 
the credibility of the new evidence. Isom v. State,497 So.2d 208, 212 (Ala.Cr.App. 1986). We find no such abuse of discretion in the instant case. Therefore, the appellant's contention of error is without merit.
 IV
Appellant's final contention of error is that the in-court identification of him was the product of an impermissibly suggestive pre-trial photographic lineup. We disagree.
This court has previously held that pretrial identifications are to be set aside on grounds of prejudice if the pretrial identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification.Scott v. State, 479 So.2d 1343, 1347 (Ala.Cr.App. 1985). It is only when the pretrial procedures used are unnecessarily or impermissibly suggestive that the totality of the circumstances surrounding the out-of-court identification need be analyzed.Coleman v. State, 487 So.2d 1380, 1388 (Ala.Cr.App. 1986).
Our examination of the record convinces us that the complained of out-of-court identification was not unnecessarily or impermissibly suggestive and, thus, did not give rise to a substantial likelihood of irreparable misidentification. Each of the two witnesses to the robbery picked a photograph of appellant from a photographic spread. No one identified the photograph of appellant to either of the women prior to the identification. Neither did anyone tell them that the photographic spread contained a photograph of the appellant. Each woman was simply shown the photographic spread and asked if she saw the person who robbed the service station. In each instance the woman selected appellant's photograph. We find no evidence of suggestiveness in this procedure. The mere fact that witnesses are shown photographs does not establish suggestiveness. Matthews v. State, 401 So.2d 241, 246
(Ala.Cr.App.), cert. denied, 401 So.2d 248 (Ala. 1981). Moreover, appellant's allegation that the photographic spread was suggestive because he was the only individual in the spread wearing a mustache is without merit, since our examination of the photographic spread reveals that none of the individuals in the photo spread appears to have a noticeable mustache.
When an in-court identification of the accused is shown to have a basis independent of any pretrial identification, then it is properly admitted into evidence. Coleman v. State, supra, 487 So.2d at 1388; Jackson v. State, 414 So.2d 1014, 1018
(Ala.Cr.App. 1982); Matthews v. State, supra, 401 So.2d at 246. Each of the witnesses' in-court identifications was properly admitted into evidence, as they were based on a source independent of the photographic spread. Each woman testified that her in-court identification of appellant was based on her observation of appellant during the events leading up to and including the robbery. In Ms. Jordan's words, "I won't ever forget the face."
Moreover, the fact that prior to selecting appellant's photograph out of a photographic spread and identifying him as the robber, the witnesses first identified another individual as looking "kind of like" the robber affects only the weight and credibility, not the admissibility, of their in-court identifications of appellant as the robber. Cochran v. State,500 So.2d 1161, 1170 (Ala.Cr.App. 1984), affirmed in part,reversed in unrelated part, 500 So.2d 1179 (Ala. 1985), onremand, 500 So.2d 1188 (Ala.Cr.App.), affirmed, 500 So.2d 1064
(Ala. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1965,95 L.Ed.2d 537 (1987).
We conclude, therefore, that there is nothing in the record pertaining to the pretrial identification of appellant which would be impermissibly suggestive so as to create a substantial likelihood of misidentification and, thus, taint the in-court identification of the appellant by Ms. Jordan and Ms. Calvin. We further find in the record an independent basis for the in-court identification of the appellant by the two witnesses to the robbery. Thus, the trial court correctly denied appellant's motion to suppress. *Page 1383 
The judgment of conviction is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] We take note that Steele is probably somewhat closer to Montgomery than 178 miles.