HOOPER, Chief Justice
(dissenting):
I must respectfully dissent.
Roy Henderson was charged with disorderly conduct and resisting arrest, after a routine traffic stop. At trial, the judge referred to Henderson’s evidence as “nonrele-vant.” This reference was made in the presence of the jury. Henderson was convicted, and the Court of Criminal Appeals affirmed the conviction on September 29, 1995, by an unpublished memorandum. — So.2d - (table). Henderson petitions this Court for a writ of certiorari, asking it to order a new trial.
The Court of Criminal Appeals relied on one of its prior opinions, wherein it had stated: “[A] trial judge’s casual remark concerning testimony, which is addressed to counsel and not the jury, does not constitute a prejudicial comment on the evidence.” Clements v. State, 521 So.2d 1378, 1381 (Ala.Crim.App.1988). This Court denied certiora-ri review in Clements.
This statement from Clements, by itself and without reference to the facts of a particular case, is too general to apply. It raises another question: What is a “casual remark”? There are clearly many instances in which a trial judge’s remark, however casual, concerning testimony, which is addressed to counsel and not the jury, would constitute a prejudicial comment on the evidence. One such instance would be where, as in this case, the trial judge says in the presence and hearing of the jury that the defendant’s evidence is “nonrelevant.”
During the redirect examination of Officer Jerrell, the prosecution asked: “And what exactly does a DARE officer do?” R.T. 209. Henderson’s attorney objected to the question as irrelevant, and the Court responded: “Well, we’ve been listening [to] nonrelevant matters all morning. I’m going to let him ask some, too. So overrule if that’s an objection.” R.T. 209. The clear implication of the judge’s statement is that the defendant’s questions, and the answers to those questions, up to this point in the trial, had been irrelevant.
The Court of Criminal Appeals held in its unpublished memorandum that the trial judge’s statement was not an improper comment on the evidence. It was clearly a comment on the evidence, and I would hold that it was improper because it was made in the presence and hearing of the jury. If the judge thought that the defendant’s evidence was “nonrelevant,” then he should have kept his opinion to himself and not shared it with the jury.
Because this Court denied certiorari review in Clements, it did not address the “casual remark” rationale of the Court of *82 Criminal Appeals that that court has applied again in this case. I think this Court should address that rationale now and require greater discipline on the part of trial court judges. It should not matter to whom the comment is directed; the question should be whether the comment is prejudicial to one of the parties.
The jury leans heavily on the advice, instructions, and directions of the trial judge. It matters not to whom the judge directs a comment; when the judge speaks, the jury listens. Suppose that in open court during a trial the judge casually says to an attorney: “Your case is absurd, and I don’t believe a word of it.” Presumably, the Clements rationale would permit such a comment because it is directed to an attorney and because it is casually made. Of course, the Clements rationale should not apply; neither should it apply in this case. The judge’s comment in the Clements case could probably be called a “casual comment.” The comment in the hypothetical just stated is likewise a casual comment — but it illustrates what is wrong with the “casual comment” rationale. Likewise, the comment at Henderson’s trial, casual or not, was improper.
It is irrelevant whether the trial court’s comment was directed to Henderson’s attorney or to the jury. The statement was heard by the jury, and it concerned the weight and credibility of the evidence. Letting the jury hear it was tantamount to telling the jury to ignore everything the defense had presented. The comment, casual or not, hit at the heart of Henderson’s case.
Henderson asks this Court to order a new trial. In determining whether to order a new trial, we must consider “whether a substantial right of the defendant has or probably has been adversely affected” by the error complained of. Ex parte Malone, 575 So.2d 106, 107 (Ala.1990), citing Ex parte Lowe, 514 So.2d 1049, 1050 (Ala.1987). The trial judge’s comment, made in the hearing of the jury and referring to the weight and credibility one might assign Henderson’s evidence, adversely affected Henderson’s right to a fair and impartial trial.
I note that the “casual comment” rationale the Court of Criminal Appeals applied in this case is not based upon any ease from this Court, but upon one of that court’s own cases. I think the Clements rationale — that “a trial judge’s casual remark concerning testimony, which is addressed to counsel and not the jury, does not constitute a prejudicial comment on the evidence” — should be overruled or at least be refined and restricted.
I would review the judgment affirming Henderson’s conviction. Therefore, I must respectfully dissent from the denial of certio-rari review.